Edward T. MOLINARO and Anthony P. Catanzaro, Appellants,

v.

FANNON/COURIER CORP., Appellee.

Appeal No. 84–810.

United States Court of Appeals, Federal Circuit.

Oct. 11, 1984.

---

Anthony P. Catanzaro, pro se.

Morris Relson, New York City, argued for appellee.

Before MARKEY, Chief Judge, and DAVIS and BENNETT, Circuit Judges.

PER CURIAM.

Appeal from an order of the United States District Court for the District of New Jersey (district court) granting summary judgment of non-infringement of Patent No. 2,906,875 (Molinaro Patent) because there is no material issue of fact, and granting collateral estoppel because the is-

sues of infringement are identical to those previously decided. We *affirm*.

## Background

The plaintiffs before the district court were the inventor Edward T. Molinaro (Molinaro) and the assignee of a 50 percent interest in the patent, Anthony P. Catanzaro (Catanzaro) who has undertaken to represent Molinaro's interest in this litigation.[1] The defendant, Fannon/Courier Corp., markets scanning monitor radio receivers manufactured for it by overseas producers. The patent in suit concerns a "Station Sampling Radio" and particularly automatic signal-seeking radio receivers.

The invention involves automatic "sampling" of each station for a short predetermined period, enabling the listener to hear the program being broadcast on successive stations and to select the desired station.

On September 3, 1974, Catanzaro filed a complaint in the district court for New Jersey, accusing Fannon/Courier of infringing the Molinaro Patent. Fannon/Courier denied infringement and challenged the validity of the patent.

On February 27, 1975, the action was transferred to the Southern District of New York to join seven other actions involving fifteen defendants, in Multi-District Litigation Proceeding No. 170. In March 1975, Molinaro was added on motion as a party plaintiff.

The Southern District of New York remanded the action on October 29, 1975 to the district court for New Jersey. The case was stayed from March 10, 1977 until July 19, 1983, awaiting the outcome of parallel litigation on the same patent against other defendants.

On August 18, 1983, Fannon/Courier moved for summary judgment of non-infringement. The district court granted the motion on December 14, 1983.

## District Court Decision

The district court pointed to the prosecution history of the Molinaro patent and the argument there made that automatic stopping for a short time on each signal-transmitting station (to permit the user to decide whether he desires that signal) distinguished over the prior art which required the user to change stations manually.

The court held that the Fannon/Courier receivers lack this sampling feature of the Molinaro claims and therefore do not infringe. The court went on to discuss the principle of collateral estoppel, pointing out that it is applicable to prior determinations of patent scope and citing *Iron Ore Co. of Canada v. Dow Chemical Co.*, 177 USPQ 34 (D.Utah 1972), *modified*, 177 USPQ 447 (D.Utah 1973), *aff'd.*, 500 F.2d 189, 182 USPQ 520 (10th Cir.1974) and *Overhead Door Corp. v. Whiting Roll-up Door Mfg. Corp.*, 215 USPQ 428 (W.D.N.Y.1981), the latter citing *Molinaro v. Sears, Roebuck & Co.*, 478 F.Supp. 818, 207 USPQ 352 (S.D. N.Y.1979).

The court further stated that the scan-delay feature of the accused products was not a time-interval receiver within the scope of the claims of the Molinaro patent. It considered the priority-channel feature in the accused products, and noted the absence of the resumption of successive tuning called for by the patent claims.

Because the issues of infringement were identical to those decided in the earlier cases, the court held that Catanzaro was collaterally estopped to raise them in this case. Finding no material issue of fact requiring resolution, the court granted summary judgment.

## Issue

Whether the district court erred in granting summary judgment.

## OPINION

### (1) *Summary Judgment*

■ Summary judgment is granted when there is no genuine issue of material

---

1. Molinaro filed with the district court a statement that he adopts any position taken in this case by Catanzaro and agrees to be bound by any decision of the court.

fact. FRCP 56. *See Chore-Time Equip., Inc. v. Cumberland Corp.,* 713 F.2d 774, 218 USPQ 673 (Fed.Cir.1983); *D.L. Auld Co. v. Chroma Graphics Corp.,* 714 F.2d 1144, 219 USPQ 13 (Fed.Cir.1983). The patent is by its description, claims, and prosecution limited to a signal-sampling radio receiver. Tuning proceeds automatically and continually from station to station but stops momentarily for a fixed, predetermined, short time interval on each station, to permit the user to "sample" and to decide whether he or she desires to receive that program. Conversely, none of the accused receivers is capable of sampling; rather, the accused receivers are termination-of-signal receivers. Neither the scan-delay feature nor the priority-channel feature of the accused products brings them within the scope of the patent.

■ Those facts are not in dispute and constitute the only material facts relied on by the district court. Catanzaro presented the Bailey affidavits, but they do not contradict that of Fannon/Courier's affiant, Trotiner,[2] and thus raise no fact issue. In essence Bailey advanced an interpretation of the term "predetermined time interval" appearing in the patent claims which would encompass a scan-delay interval. Claim interpretation, however, is an issue *of law,* and a dispute respecting that legal issue does not preclude summary judgment. *SSIH Equip. S.A. v. U.S. Int'l Trade Comm.,* 718 F.2d 365, 376, 218 USPQ 678, 688 (Fed.Cir.1983); *Raytheon Co. v. Roper Corp.,* 724 F.2d 951, 956, 220 USPQ 592, 596 (Fed.Cir.1983).

Further, Bailey's interpretation ignores the recitation in the claims that the purpose of the time interval is to permit the user to sample the reception and to decide whether that signal is desired.

The Bailey affidavits thus create no issue of material fact. They are merely efforts to read the patent claims on the accused receiver in light of undisputed facts. That function, however, is the province of the district court.

### (a) *Contributory Infringement*

Catanzaro is mistaken in reliance on an assertion on appeal that an issue of contributory infringement creates a genuine issue of material fact. Contributory infringement is not an issue in the present case. Nor is collateral estoppel related in any manner to the presence or absence of contributory infringement. Collateral estoppel rests solely on the prior adjudications in which it was found that accused products like those involved here were non-infringing.

■ Contributory infringement cannot exist where there is no direct infringement, as the Supreme Court made clear in *Aro Mfg. Co. v. Convertible Top Replacement Co.,* 365 U.S. 336, 340–342, 81 S.Ct. 599, 601–602, 5 L.Ed.2d 592, 128 USPQ 354, 357 (1961). Where there is no direct infringement, there is nothing to which the accused products could "contribute". Here, there is no direct infringement.

■ Catanzaro's reliance on *Armstrong v. Motorola, Inc.,* 374 F.2d 764, 152 USPQ 535 (7th Cir.), *cert. denied,* 389 U.S. 830, 88 S.Ct. 95, 19 L.Ed.2d 88, 155 USPQ 768 (1967) is misplaced. The issue there was whether one who sold or made a special receiver adapted for use only with the claimed special transmitter could be charged with contributory infringement. Here, the accused receivers are not required to cooperate with any special transmitters, and the claims of the Molinaro patent concern only the receiver, not a combination of receiver and transmitter.

The district court based its judgment on collateral estoppel because of prior adjudications. No issue of contributory infringe-

---

**2.** As described in the Trotiner affidavit, after a received signal terminates, Fannon/Courier's receiver waits briefly (for two seconds) before switching channels to search for a new station, to allow for an inadvertent discontinuance of transmission. If within those two seconds the transmission resumes, the receiver treats it as though it had never been interrupted, and remains tuned to the same channel until the signal discontinues for more than two seconds. This is termed the carrier delay or scan delay feature, a feature of all the accused receivers.

ment was or is or could be present in this case.

### (b) *Equivalency*

■ To be equivalents, the accused receivers would have to perform substantially the same function in substantially the same way to produce substantially the same result as the claimed receivers. *Graver Tank & Mfg. Co. v. Linde Air Products Co.*, 339 U.S. 605, 70 S.Ct. 854, 94 L.Ed. 1097, 85 USPQ 328 (1950).

The claimed invention restarts tuning after each predetermined time interval, regardless of whether the signal remains on the air. The scan-delay feature of the accused receivers operates only after the signal terminates. Thus there is no performance of substantially the same function, in substantially the same way to achieve substantially the same result.

### (2) *Collateral Estoppel*

■ A second defendant is entitled to the benefit of a judgment issued against the plaintiff in favor of a first defendant in prior litigation on the same issues. *A.B. Dick Co. v. Burroughs Corp.*, 713 F.2d 700, 218 USPQ 965 (Fed.Cir.1983).

As held in *A.B. Dick*, where a determination of the scope of patent claims was made in a prior case, and the determination was essential to the judgment there on the issue of infringement, there is collateral estoppel in a later case on the scope of such claims, i.e., the determined scope cannot be changed.

■ Here, as in *A.B. Dick*, the identical issue was decided previously; that issue was fully litigated in a previous case; the resolution of that issue was essential to a final judgment there; and the patent owner had a full and fair opportunity to litigate that issue. *See also Mother's Restaurant, Inc. v. Mama's Pizza Inc.*, 723 F.2d 1566,

221 USPQ 394 (Fed.Cir.1983) (talks of collateral estoppel in terms of "issue preclusion").

It is indisputable that the claim asserted here is the same as that the scope of which was determined in earlier litigation where the receivers accused here were held not to infringe that claim.[3]

The courts in the earlier litigation gave full and careful consideration to the issues raised. The courts fully understood those issues. That the courts did not agree with Catanzaro's arguments cannot be viewed as indicating bias or unfairness in any manner whatsoever.

■ The burden was upon Catanzaro to establish that the decisions in the earlier litigation were "seriously defective". *Blonder-Tongue Laboratories, Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788, 169 USPQ 513 (1971). There must be additional and strong fact evidence, which has not been shown to have been supplied to the district court. *Kaiser Indus. Corp. v. Jones & Laughlin Steel Co.*, 515 F.2d 964, 185 USPQ 343 (3rd Cir.), *cert. denied*, 423 U.S. 876, 96 S.Ct. 150, 46 L.Ed.2d 110, 187 USPQ 416 (1975). Catanzaro has simply not met the burden resting on all appellants to show a basis for reversal of the appealed judgment.

The judgment of the district court was eminently correct and must therefore be affirmed.

AFFIRMED.

---

**3.** *Molinaro v. Hart Electronics Corp. of Scranton*, 209 USPQ 735 (M.D.Pa.1980); *Molinaro v. Rockwell Int'l*, 212 USPQ 165 (D.Del.1980); *Molinaro v. Sears, Roebuck & Co., supra*; *Molinaro v. Sonar Radio Corp.*, 206 USPQ 901 (E.D.N.Y. 1979); *Catanzaro v. Masco Corp.*, 423 F.Supp. 415, 192 USPQ 696 (D.Del.1976), *aff'd sub nom, Catanzaro v. ITT*, 575 F.2d 1085, 200 USPQ 10 (3rd Cir.), *cert. denied*, 439 U.S. 989, 99 S.Ct. 586, 58 L.Ed.2d 662 (1978).