Alfred COOPER, Appellant,

v.

FORD MOTOR COMPANY, Appellee.*

Appeal No. 84–1016.

United States Court of Appeals,
Federal Circuit.

Nov. 23, 1984.

George M. Schwab, Townsend & Townsend, San Francisco, Cal., argued for appellant.

Herbert C. Snyder, Jr., Barnes & Thornberg, Indianapolis, Ind., argued for appellee. With him on the brief were William R. Coffey, Andrew James Richardson and Roland A. Fuller, III, Indianapolis, Ind.

Before SMITH, Circuit Judge, COWEN, Senior Circuit Judge, and NEWMAN, Circuit Judge.

PAULINE NEWMAN, Circuit Judge.

Alfred Cooper appeals from the summary judgment entered in favor of Ford Motor Company by the United States District Court for the Northern District of California, and from the district court's refusal to consider certain post-judgment affidavits offered by Cooper. We reverse the grant of summary judgment and remand the case for further proceedings.

*Background*

Appellant holds U.S. Patent No. 3,784,-047 issued January 8, 1974 for a gas cap latching device. The device is designed to prevent mislatching of the cap of an automobile gas tank, essentially by preventing the cap from being engaged in other than the fully latched position. The Cooper cap avoids mislatching by what Cooper describes as a simple mechanism: he modified the spring-pressed sealing disk then used on gas caps to include longer latching lugs fitted with elongated blocking prongs, thereby achieving a cap structure which, although very easy to insert and use, can-

---

* Defendants before the district court were Ford Motor Company, Stant Manufacturing Company, and Purolator, Inc. The district court dismissed Cooper's claims against Stant and Purolator.

not be rotated unless the cap is fully seated.

Claim 1 is representative:

1. A safety closure cap for bayonet connection with a filler spout of an automobile tank or the like, wherein the cap has a spring pressed sealing disc secured to an underside for sealing against the top of the spout, and wherein the spout has opposite notches only adjacent said top through which opposite latching lugs on said cap are insertable and upon turning of the cap it becomes latched over the top of the spout as the lugs ride over opposite cam surfaces on the spout which are located only adjacent the top thereof, the cap and the spout having an initial fit sufficiently loose whereby latching can be inadvertently effected by only one of the lugs with the cap tilted and the opposite lug engaging the top of the spout, said cap having means thereon to preclude said latching by only one lug, comprising opposite elongated . blocking prongs extending downwardly from the respective latching lugs and which are engageable with either of the notches to prevent turning of the cap unless the cap is fully seated on the top of the spout.

Cooper sued the Ford Motor Company, alleging that Ford had infringed Cooper's patent by selling new and replacement gas caps whose structure was within the scope of the claims. Cooper sought an accounting for damages and an injunction against continued infringement. Ford moved for summary judgment on four grounds: laches, estoppel, fraud, and obviousness. The district court granted the motion on the ground of obviousness (and also on the ground of laches, which it reversed upon reconsideration), and denied the motion on the grounds of estoppel and fraud. Only the obviousness issue is before us.

In support of its motion on the ground of obviousness Ford referred to all of the references in the record which had been cited in patent prosecution or mentioned in any deposition, and "all other prior patents directed to bayonet-type closures for use on ... tanks" of which four were identified including Swiss Patent No. 109,104. Ford's brief discussed what teachings were found in some of these patents specifically. Ford cited Greenberg U.S. Patent No. 2,224,385 for showing the specific latching means used by Cooper. Cooper challenged this analysis of Greenberg, pointing out that the Greenberg cap was designed so that once affixed it could not be removed. Cooper also took issue with Ford's description of O'Neal U.S. Patent No. 2,531,860, pointing out that O'Neal's solution to the mislatching problem was different and complicated, and arguing that it was commercially impracticable and that O'Neal was not a more pertinent reference than those cited by the Patent Office—an issue that Ford had raised in support of its motion on the ground of "fraud" asserted for Cooper's failure to bring the O'Neal patent to the attention of the examiner.

Ford also discussed Swiss patent No. 109,104, not in the context of the asserted obviousness of the Cooper design, but to state that the accused Ford cap "is substantially identical to that shown in the Swiss patent" and therefore does not infringe the Cooper patent. Cooper did not address this argument in his response to Ford's motion; we observe that non-infringement was not included in the motion for summary judgment.

The court granted summary judgment on the grounds that in light of the O'Neal, Greenberg, and Swiss patents considered together, or in the light of the Swiss patent alone, Cooper's invention "is obvious as a matter of law" under 35 U.S.C. § 103.

### Analysis

Fed.R.Civ.P. 56(c) provides in pertinent part:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Cooper's position is that the district court erred in deciding this case summarily, and that the district court erred in deciding this case on specific grounds which were not raised by the parties. Cooper points out that material facts needed to support a judgment of obviousness were at issue, and that it was error under Fed.R.Civ.P. 56 for the court to resolve disputed facts. In sum, Cooper asserts that the summary judgment of obviousness was inappropriate because of the dispute over the teachings of the prior art, and that in any event the moving party was not entitled to a judgment as a matter of law from the references relied upon.

In *Graham v. John Deere Co.*, 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966), the Supreme Court elaborated the procedure for determining whether an invention would have been obvious within the meaning of the patent statute. The case instructs courts to make three factual inquiries and to weigh other "secondary" considerations, as a predicate to the ultimate determination of law. Courts are to examine the facts relating to (1) the scope and content of the prior art, (2) differences between the prior art and the claims at issue, and (3) the level of ordinary skill in the pertinent art. Other relevant factual considerations include commercial success, long-felt but unsolved need, and failure of others. 383 U.S. at 17–18, 86 S.Ct. at 693–694.

Despite the central role of these questions of fact in a challenge to the nonobviousness of an invention, this court has recognized that summary judgment is as appropriate in patent cases as in any other. In *Chore-Time Equipment, Inc. v. Cumberland Corp.*, 713 F.2d 774, 778–79, 218 USPQ 673, 675 (Fed.Cir.1983), this court noted that

> Many, if not most suits for patent infringement give rise to numerous and complex fact issues, rendering those suits inappropriate for summary disposition. When no issue of material fact is present, however, courts should not hesitate to avoid an unnecessary trial by

proceeding under Fed.R.Civ.P. 56 without regard to the particular type of suit involved.

In reviewing a grant of summary judgment, we first review the inquiry which *Graham* required of the district court. We review whether there existed any genuine issue as to any fact material to the *Graham* inquiry. We determine whether, viewing the evidence in the light most favorable to the nonmovant and drawing all reasonable inferences in favor of the nonmovant, the moving party was entitled to judgment as a matter of law. The movant bears the burden of demonstrating the absence of all genuine issues of material fact. *D.L. Auld Co. v. Chroma Graphics Corp.*, 714 F.2d 1144, 1146–47, 219 USPQ 13, 15 (Fed.Cir.1983). The movant also must demonstrate its entitlement to judgment as a matter of law.

In the instant case the undisputed facts are no more than the existence of the prior art patents. Beyond that, we have no evidence on either side explaining their teachings, which are not clearly evident simply upon reading the references. In cases in which there is doubt as to the existence of a genuine issue of material fact, that doubt must be resolved in favor of the nonmovant. *Id.* In the case at bar Cooper observed that the Greenberg cover was permanently hinged to a tank spout, obviating any mislatching problem. The results of the first *Graham* factual inquiry are material to the outcome of Ford's motion; it was undisputed that the devices were not directed to the same problem. Cooper also contrasted the structure of the Greenberg device with his own, and disputed Ford's view of the differences between Greenberg's and Cooper's cap, thus pointing to material factual issues in the category of the second *Graham* factor. Expert testimony is not always necessary to explain the prior art, but here reasonable alternative arguments were put forth as to its interpretation. Ford relied on argument to support its view of the reference teachings. From our reading of the references, we cannot say that Ford's explanation is

the only possible interpretation. Thus, the requirement of rule 56 that there be no genuine issue of any material fact was not met.

Although not specified by the district court, it does not appear to have accepted *either* party's version of the prior art teachings, because the combination of the Greenberg, O'Neal, and Swiss patents, on the basis of which the district court found Cooper's claimed invention to have been obvious, was not advanced by Ford. We find merit in Cooper's position that contested material fact issues relate to these patents and their combination. We do not find whether Cooper's view of the facts is or is not the correct view; we find only that there was a genuine issue as to the facts material to the court's holding of invalidity, and that summary judgment was not appropriate in accordance with rule 56.

Cooper asserts that the district court also erred in its *sua sponte* holding of invalidity based on the Swiss patent standing alone. In the absence of analysis by either party of the pertinence of this reference to the validity of the Cooper patent, the court held that "simply experimenting with the Swiss cap alone would reveal that, because of its lateral projections, it could not be mislatched in the way that a typical pre-1972 American cap that was lacking in such projections could be." Cooper argues that nothing in the Swiss patent or elsewhere suggests that one should "experiment" with it for the purpose of solving the non-existent problem, for the Swiss patent, of mislatching. Cooper points out that the Swiss patent relates to a threaded tank cap rather than the spring type of Cooper, and is adapted to be removable, even if it rusts, with a wrench; the problem solved by the Swiss patent was not mislatching but corrosion. We do not find support for the court's summary conclusion, as a matter of law, that experimentation should have been done with the Swiss cap to determine if it had the same characteristics as Cooper's. *See In re Gordon*, 733 F.2d 900, 902, 221 USPQ 1125, 1127 (Fed.Cir.1984) (mere fact that prior art device could have been modified does not make modification obvious unless prior art suggested desirability of modification); *Jones v. Hardy*, 727 F.2d 1524, 1530, 220 USPQ 1021, 1026 (Fed.Cir. 1984) ("an improper 'obvious to try' consideration").

Moreover, the Federal Rules do not contemplate that a court may dispose of a cause by summary judgment, when the basis for the judgment was not raised by the movant with sufficient precision for the nonmovant to respond. *See Murphy v. Villanova Univ.*, 520 F.Supp. 560, 563–64 (E.D.Pa.1981) (denying summary judgment because plaintiff failed to assert elements of asserted cause of action and did not marshal undisputed evidence to support those elements). Ford's memorandum in support of its motion discussed the Swiss patent only as support for Ford's arguments regarding non-infringement, not invalidity. There was no discussion of the crucial Swiss patent in the context of obviousness. Rule 56 and the case law construing it require that the rule be applied in a way that serves not only judicial economy but fairness to litigants.

We recognize the virtues of judicial economy achieved by summary proceedings, *viz.* our recent decisions in *Union Carbide Corp. v. American Can. Co.*, 724 F.2d 1567, 220 USPQ 584 (Fed.Cir.1984), and *Chore-Time Equipment, Inc. v. Cumberland*, 713 F.2d at 774, 218 USPQ at 673, but those decisions turned on facts which were not in substantial dispute. In *Union Carbide* this court determined that the trial court had resolved all doubt concerning the presence or absence of factual issues in favor of the nonmoving party. 724 F.2d at 1571, 1573, 220 USPQ at 588, 589. In *Chore-Time* the court observed that appellant's own admissions regarding the precise features in issue supported the finding of no genuine issue of material fact regarding the disclosures of the prior art. 713 F.2d at 779, 218 USPQ at 675–76. These circumstances do not apply in the case at bar. We conclude that summary judgment was not appropriate, and that a trial of the facts is in order. We therefore reverse the

grant of summary judgment and remand to the district court.[1]

REVERSED AND REMANDED.

---

1. In view of this disposition it is not necessary to address the issue of post-judgment affidavits.