**Robert M. MARTIN, Gravity Guidance, Inc., Appellants,**

v.

**S. Morgan BARBER, The Other Side, Inc. and Backswing Corp., Appellees.**

**Appeal No. 84–710.**

United States Court of Appeals, Federal Circuit.

March 4, 1985.

1.

Bruce McKee and Mark Hansing, Zarley, McKee, Thomte, Voorhees & Sease, Des Moines, Iowa, argued for appellants. With them on brief was Edmund J. Sease, Des Moines, Iowa.

Thomas M. Ferrill, Jr., Ferrill & Logan, Fort Washington, Pa., argued for appellees. With him on brief was John W. Logan, Jr., Fort Washington, D.C.

Before BALDWIN, SMITH and NEWMAN, Circuit Judges.

BALDWIN, Circuit Judge.

This is an appeal from a summary judgment entered by the United States District Court for the District of Nevada holding U.S. Patent No. 3,380,447 ('447 patent), issued to Robert M. Martin on April 30, 1968 (filed Oct. 19, 1965), not infringed by the ankle-holding portion of a therapeutic tilt table called the Backswing. We vacate the summary judgment of noninfringement and remand.

### Background

Dr. Robert M. Martin filed suit against S. Morgan Barber in 1981. Later, the complaint was amended to allege six causes of action, the first alleging infringement of the '447 patent. Gravity Guidance, Inc. was added as a plaintiff with Martin (collectively "Martin"), and The Other Side, Inc. and Backswing Corp. were added as defendants with Barber (collectively "Barber"). Defendants moved for summary judgment on all six causes of action and the district court ruled on each. On appeal, Martin challenges the propriety of summary judgment only as to the infringement cause of action.

The '447 patent is directed to an ankle-holding device (also called a gravity inversion boot) for supporting an individual in an inverted position for inversion therapy. See Appendix. Claim 1, the only independent claim, is representative:

1. In a device of the class described,

an inversion boot adapted for attachment to a person's leg including a first jaw member having opposite ends and a second jaw member having opposite ends,

said first jaw member hingedly secured at one of its ends to one end of said second jaw member,

means detachably securing said other end of said first jaw member to said other end of said second jaw member,

and a hook means secured to one of said first and second jaw members.

Defendant, S. Morgan Barber, learned of Martin's method of treatment using gravity inversion boots as a result of Martin's successful treatment of the back troubles of Barber's wife. Barber subsequently produced the Backswing tilt table for which he received U.S. Patent No. 4,232,-662 in 1980.

The Backswing device is capable of suspending the user in an inverted position. See Appendix. The user's ankles are secured to a boom which extends from a pivotally adjustable tilt table. It is the ankle-holding portion of the device that is accused of infringing the Martin patent. The user rests his ankles on top of cyclindrical heel holders which are attached to opposite sides of the boom. Then an attachable bar (the "instep lock"), which contains two cupped members, is fastened to the boom so that the cupped members cover the front of the user's ankles and thus secure the ankles to the boom structure. The user may achieve an inverted position by pivoting the tilt table so that the bed portion (on which the user's back rests) points toward the floor while the boom extends upward.

In entering summary judgment of non-infringement, the district court saw no dispute in the record over the construction of the '447 patent claims. The court found that the cupped members of the Backswing device are not connected by a hinge and that the user is not suspended by means of a hook. The court also found no infringement under the doctrine of equivalents.

*Issue*

Whether the district court erred in granting summary judgment.

OPINION

■ In reviewing a grant of summary judgment, we must determine whether there existed any genuine issue of material fact. *See, e.g., Cooper v. Ford Motor Co.,* 748 F.2d 677, 679, 223 USPQ 1286, 1287–88 (Fed.Cir.1984); *Molinaro v. Fannon/Courier Corp.,* 745 F.2d 651, 653–54, 223 USPQ 706, 707 (Fed.Cir.1984); *Chore-Time Equipment, Inc. v. Cumberland Corp.,* 713 F.2d 774, 778–79, 218 USPQ 673, 675 (Fed.Cir.1983). The movant bears the burden of demonstrating the absence of all genuine issues of material fact while the court views the evidence in a light most favorable to the nonmovant, drawing all reasonable inferences in favor of the nonmovant. *Cooper v. Ford Motor Co.,* 748 F.2d at 679, 223 USPQ at 1288.

Martin argues that material issues of fact exist as to literal infringement and infringement under the doctrine of equivalents.

To show that literal infringement raises issues of material fact, Martin argues that infringement itself is a question of fact, that there is a dispute as to the definition of terms in the claims and specification, and that applying the claims to the accused ankle-holding portion of the Backswing raises issues of fact.

■ This court in *Molinaro* held that when no issue of material fact is raised, infringement may be resolved on summary judgment. Infringement raises the legal issue of claim construction and the factual issue of whether the accused device infringes properly interpreted claims. *See, e.g., Fromson v. Advance Offset Plate, Inc.,* 720 F.2d 1565, 219 USPQ 1137 (Fed.

Cir.1983); *Raytheon Co. v. Roper Corp.*, 724 F.2d 951, 961, 220 USPQ 592, 600 (Fed. Cir.1983), *cert. denied,* — U.S. —, 105 S.Ct. 127, 83 L.Ed.2d 69 (1984).

A dispute as to the legal issue of claim construction does not preclude summary judgment. *Molinaro v. Fannon/Courier Corp.*, 745 F.2d at 654, 223 USPQ at 707. Martin does not point out where the district court erred in its claim construction nor does he point out how such an alleged error caused the court to erroneously resolve a material issue of fact. We see no error in the court's construction of the claims of the '447 patent. The language of independent claim 1 requires that one end of the first jaw member be hingedly secured to one end of the second jaw member. The specification shows that the hook means of claim 1 is the means for supporting the user from an elevated horizontal bar.

Where the facts underlying the issue of infringement are undisputed, the function of applying claims to the accused device is the province of the district court. *Molinaro v. Fannon/Courier Corp.*, 745 F.2d at 654, 223 USPQ at 708. The only evidence Martin points to as raising a genuine issue are certain interrogatory answers and an affidavit from an expert witness which attempt to show how the claims read on the accused portion of·the Backswing. The interrogatory answers and the affidavit merely associate particular parts of the Backswing with the elements of claim 1 of the patent. No underlying facts are raised or disputed in these documents. Thus, this evidence does not create an issue of material fact. *Id.*[1]

Martin next argues that the district court should not have granted summary judgment of non-infringement because infringement under the doctrine of equivalents raises material issues of fact. This argument has merit.

Designed to protect a patentee from an infringer who appropriates the invention but avoids the literal language of the claims, the doctrine of equivalents allows a finding of infringement when the accused device and the claimed invention perform substantially the same function in substantially the same way to yield substantially the same result. *Graver Tank & Mfg. Co. v. Linde Air Products Co.*, 339 U.S. 605, 608, 70 S.Ct. 854, 856, 94 L.Ed. 1097 (1950); *Perkin-Elmer Corp. v. Computervision Corp.*, 732 F.2d 888, 900, 221 USPQ 669, 679 (Fed.Cir.), *cert. denied,* — U.S. —, 105 S.Ct. 187, 83 L.Ed.2d 120 (1984). In its opinion, the district court correctly articulated the tripartite test of "function, way, and result," but then erroneously compared the operation of a preferred embodiment disclosed in the '447 patent with the operation of the accused Backswing in finding a "substantial difference in their method of functioning." Infringement, either literal or by equivalence, is determined by comparing the accused device with the claims in suit, not with a preferred or commercial embodiment of the patentee's claimed invention. *See ACS Hosp. Systems, Inc. v. Montefiore Hosp.*, 732 F.2d 1572, 1578, 221 USPQ 929, 933 (Fed.Cir.1984). *Perkin-Elmer Corp. v. Computervision Corp.*, 732 F.2d at 902, 221 USPQ at 680.[2]

The district court reasoned that because the Backswing's cupped members are not connected by a hinge, and the Backswing user is not suspended by means of a hook, the Backswing "is so far changed in principle as to perform in a substantially different way." The court also placed great emphasis on the fact that

---

1. The district court also made reference to the reverse doctrine of equivalents. This doctrine, however, becomes an issue only when the accused device falls within the literal words of the claim. *Graver Tank & Mfg. Co. v. Linde Air Products Co.*, 339 U.S. 605, 608–09, 70 S.Ct. 854, 856, 94 L.Ed. 1097 (1950); *Westinghouse v. Boyden Power Brake Co.*, 170 U.S. 537, 568, 18 S.Ct. 707, 722, 42 L.Ed. 1136 (1898). The doctrine is not applicable here.

2. Later in its opinion, the district court compared the '447 patent with a patent Barber had received for the invention embodied in the accused Backswing. Whether Barber's *patent* performs "substantially the same function in substantially the same way to achieve the same result" is irrelevant. The claims in suit must be compared with the accused device itself.

the ankle-holding portion of the Backswing is permanently attached to a tilt table and cannot be used separately. Although framed in equivalence language, the court's analysis is no more than a substituted test for literal infringement. *See Hughes Aircraft Co. v. United States,* 717 F.2d 1351, 1364, 219 USPQ 473, 482 (Fed. Cir.1983). That part of the district court's summary judgment finding non-infringement because the Backswing and '447 patent operate in a substantially different way,[3] being grounded on an erroneous analysis of equivalence, must be vacated and remanded for trial.

■ Proper analysis aside, equivalence could not have been decided by summary judgment in view of the record. To determine whether the Backswing and the claimed invention are equivalent, the fact finder must decide whether the components of the ankle-holding portion of the Backswing, viewed as a whole, operate in substantially the same way, and have substantially the same function and result, as the claimed invention.

■ In particular, where an accused device avoids literal infringement by changing an element of a claimed invention, it is appropriate to consider, in assessing equivalence, whether the changed element operates in substantially the same way as the claimed element in fulfilling the "substantially same way" prong of the "function, way, and result" test of equivalence. *Cf. Atlas Powder Co. v. E.I. DuPont de Nemours & Co.,* 750 F.2d 1569, 1579–80, 224 USPQ 409, 416 (Fed.Cir.1984) (one ingredient of a claimed composition changed in the accused product to avoid literal infringement). Here, even if the claimed invention and the accused device are substantially the same in function and result, the fact issue of "way" would still have to be decided.

The range of equivalents to which the '447 patent is entitled also presents

material fact issues relating to the nature and closeness of the prior art. Although Martin presented evidence that his '447 patent was a pioneering invention, the district court, relying on certain patents in the tilt table art, determined that the invention of the '447 patent was not pioneering at least "in connection with a tilt table." The court ruled that no extrinsic evidence was needed to explain the prior art.

Martin correctly points out that the district court, in reviewing the tilt table art, erroneously relied on two patents which are not prior art for the '447 patent. U.S. Patent No. 3,589,358 issued to Megal (filed May 24, 1968) and U.S. Patent No. 3,568,-669 issued to Stites (filed Mar. 27, 1969) have filing dates after the filing date of the '447 patent, and are not, therefore, prior art. 35 U.S.C. § 102(e). In any event, the tilt table art cited by the lower court does not, by itself, dictate that the '447 patent is entitled to no range of equivalents or even that the accused portion of the Backswing cannot be found an equivalent.

■ With regard to the types of proof relevant to a finding on equivalence, the Supreme Court in *Graver Tank* said:

> Proof can be made in any form: through testimony of experts or others versed in the technology; by documents, including texts and treatises; and, of course, by the disclosures of the prior art.

339 U.S. at 609, 70 S.Ct. at 857. The task of carefully weighing the evidence rests with the trier of fact. *See id.* at 611, 70 S.Ct. at 857.

We conclude that summary judgment on the issue of infringement was not appropriate, and that a trial of the facts is in order. We therefore *vacate* the grant of summary judgment as to that issue and *remand* to the district court.

VACATED AND REMANDED.

---

**3.** We do not interpret the district court's opinion as including a finding of substantially different function or result. Indeed, the record strongly suggests that the Backswing and '447 patent perform substantially the same function and achieve substantially the same result.