**Robert J. GEORGE, an individual, Appellant,**

v.

**HONDA MOTOR CO., LTD., a Japanese corporation, and American Honda Motor Co., Inc., a California corporation, Appellees.**

**Appeal No. 85–2612.**

United States Court of Appeals, Federal Circuit.

Sept. 30, 1986.

---

Patrick F. Bright, Kendrick, Netter & Bennett, Los Angeles, Cal., for appellant. With him on the brief was Frederick A. Lorig.

Roland N. Smoot and Robert C. Weiss, Lyon & Lyon, Los Angeles, Cal., for appellees. With them on the brief were John D. McConaghy and R. Dabney Eastham.

Before SMITH, Circuit Judge, NICHOLS, Senior Circuit Judge, and NIES, Circuit Judge.

EDWARD S. SMITH, Circuit Judge.

This is an appeal by Robert J. George (George) from the June 25, 1985, summary judgment entered by the United States District Court for the Central District of California, holding that Honda Motor Co., Ltd., and American Honda Motor Co., Inc. (Honda), did not infringe U.S. Patent No. 4,108,-118 ('118 patent). We affirm.

*Issue*

The issue is whether the district court erred in entering summary judgment that the accused Honda engines do not infringe the claims of the '118 patent either literally or under the doctrine of equivalents.

*Background*

Claim 1 of the '118 patent claims an internal combustion engine with a water-cooled cylinder and an air-cooled cylinder head.[1] The water jacket of claim 1 encases only the cylinder and does not extend to the cylinder head.

It is undisputed that the accused Honda engines have a water-cooled cylinder head with a water jacket which extends above the cylinder and over the head. Thus, the district court found that there was no literal infringement by Honda:

> There are two significant differences between the claimed invention and the accused engine. The first difference involves the means of cooling the head of the cylinder unit. Claim 1 of the '118 patent recites "an air-cooled head structure," in which the cooling is accomplished by direct heat exchange with the atmosphere. The accused engine has a water-cooled head structure. The head is encased in a jacket which forms a chamber through which water is pumped.
>
> The second difference involves the jacket structure surrounding the cylinder unit. Claim 1 of the '118 patent recites a jacket which has a sealed engagement with the body below the head. The accused engine has a jacket which surrounds the cylinder body and extends over the cylinder head.

The court also held that there was no infringement by the doctrine of equiva-

---

1. The prior art included an engine where the cylinder and the cylinder head were both cooled by air, and an engine where the cylinder and the cylinder head were both cooled by water.

lents, since an air-cooled cylinder head is such an important and essential part of the claimed invention. The court found that the accused device with a water-cooled cylinder head "does not perform substantially the same function in substantially the same way to obtain substantially the same result."

The court granted Honda's motion for summary judgment. George appeals.

## Analysis

In essence, George argues that summary judgment was improper because George disputes the district court's holding of noninfringement. George, however, does not dispute the dispositive *fact* that the Honda cylinder head is cooled at least in part by water, with a water jacket which extends above the cylinder and over the head.

George argues that his patent claims should be construed to read on the accused water-jacketed head because the accused head is also partially cooled by the air passing over the engine. Here, the district court correctly determined that the claimed air-cooled head structure does not encompass a water-jacketed head structure either literally or under the doctrine of equivalents. The determination of scope of the claims is a question of law, and a dispute respecting that legal issue does not preclude summary judgment.[2]

The court correctly entered summary judgment because there were no genuine issues of material fact and Honda was entitled to judgment as a matter of law.[3]

## Conclusion

We affirm the district court's summary judgment of noninfringement. Requests for attorney fees by both sides are denied.

AFFIRMED.

---

2. *See, e.g., Molinaro v. Fannon/Courier Corp.,* 745 F.2d 651, 654, 223 USPQ 706, 707 (Fed.Cir. 1984).

3. FED.R.CIV.P. 56(c); *Barmag Barmer Maschinenfabrik AG v. Murata Mach., Ltd.,* 731 F.2d 831, 835–36, 221 USPQ 561, 564–65 (Fed.Cir. 1984).