871 F.2d 1097
 10 U.S.P.Q.2d 1959
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
RICHDEL DIVISION OF GARDEN AMERICA CORPORATION, Plaintiff-Appellee.
v.
AQUA-TROL CORPORATION, Defendant-Appellant.
 No. 88-1346.
 United States Court of Appeals, Federal Circuit.
 March 14, 1989.
 
 Before MARKEY, Chief Judge, and EDWARD S. SMITH and BISSELL, Circuit Judges.
 EDWARD S. SMITH, Circuit Judge.
 
 DECISION
 
 1
 Aqua-Trol Corporation (Aqua-Trol) appeals the Memorandum and Order of the United States District Court for the Eastern District of New York in Richdel Division of Garden America Corp. v. Aqua-Trol Corp., 681 F.Supp. 141, 7 USPQ2d 1146 (E.D.N.Y.1988), granting summary judgment and holding that certain claims of Richdel Division of Garden America Corporation's (Richdel) patent No. 4,505,450 are valid, enforceable, and infringed by Aqua-Trol. We affirm.
 
 OPINION
 
 2
 On appeal, Aqua-Trol contests only the propriety of the district court's grant of summary judgment as to the issue of infringement under the doctrine of equivalents. Accordingly, the issues of validity and enforceability are not before us.
 
 
 3
 Infringement may be found under the doctrine of equivalents if the accused device performs substantially the same function in substantially the same way to achieve the same result. See ZMI Corp. v. Cardiac Resuscitator Corp., 844 F.2d 1576, 1581, 6 USPQ2d 1557, 1562 (Fed.Cir.1988). Because such a determination is a question of fact, see, e.g., Palumbo v. Don-Joy Co., 762 F.2d 969, 975, 226 USPQ 5, 8 (Fed.Cir.1985), summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-26 (1986).
 
 
 4
 Here, Aqua-Trol contends that it was improper for the district court to decide on summary judgment that Aqua-Trol's "cap nut" performed substantially the same way as Richdel's claimed "open ended nut" embodiment. We disagree. Before the district court, and on appeal, there was no dispute as to any dispositive fact concerning the structural differences between the two valves. The only issue was whether Richdel's claims may be construed to read on Aqua-Trol's valve in view of those differences. "The determination of scope of the claims is a question of law, and a dispute respecting that legal issue does not preclude summary judgment." George v. Honda Motor Co., 802 F.2d 432, 434, 231 USPQ 382, 383 (Fed.Cir.1986). We reject as untenable Aqua-Trol's contentions both that the district court erred by failing to establish the level of ordinary skill in the art and that the district court raised the doctrine of equivalents issue sua sponte.
 
 
 5
 Richdel's "Motion to Dismiss," filed November 28, 1988, is denied.