940 F.2d 676
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
ODDZON PRODUCTS, INC., Plaintiff-Appellant,
v.
IMPERIAL TOY CORPORATION, and Fred Kort, Defendants-Appellees.
 No. 90-1517.
 United States Court of Appeals, Federal Circuit.
 July 8, 1991.
 
 Before MICHEL, Circuit Judge, COWEN, Senior Circuit Judge, and RADER, Circuit Judge.
 DECISION
 RADER, Circuit Judge.
 
 
 1
 OddzOn Products, Inc. (OddzOn) appeals from the July 18, 1990 grant of summary judgment by the United States District Court for the Central District of California. The district court held that defendant Imperial Toy Corporation (Imperial) infringed none of the claims of U.S. Patent No. 4,756,529 ('529 patent) by manufacturing and selling the Porcupine Bouncer. OddzOn Prods., Inc. v. Imperial Toy Corp., No. 89-6320-IH (C.D.Cal. July 18, 1990). This court vacates and remands.
 
 OPINION
 
 2
 This court must determine whether any genuine issues of material fact exist precluding summary resolution under Fed.R.Civ.P. 56(c). This court is not bound by the district court's holding that no material facts are in dispute. Rather, this court determines independently whether the standards for summary judgment have been met. C.R. Bard, Inc. v. Advanced Cardiovascular Sys., Inc., 911 F.2d 670, 673, 15 USPQ2d 1540, 1542-43 (Fed.Cir.1990).
 
 
 3
 The district court determined that the Porcupine Bouncer did not embody three claim limitations of the '529 patent. Those three claim limitations are at issue in this appeal:
 
 
 4
 An amusement device comprising ... plural, elongate, floppy, tiny diameter, elastomeric filaments, each having a cross-sectional dimension which is extremely small in relation to its length ... with the filaments being sufficiently floppy to collapse significantly on impact ... and with the filaments being sufficiently dense and floppy that a large plurality thereof tend to thread their way between adjacent fingers of a user's hand upon contact of the filaments with the hand during the act of catching, thereby to promote sure and quick capture of the device.
 
 
 5
 Claim 1 (emphasis and numbers added).
 
 
 6
 The first limitation presents the issue of proper interpretation of the term "filaments." To interpret this word, the district court properly relied on the prosecution history of the '529 patent. During prosecution, the inventor stated that " 'filament', according to all accepted dictionary definitions, refers to a long, very slender, tenuous, flimsy structure." Therefore, the court determined that the claimed filaments had to be "flimsy."
 
 
 7
 OddzOn cannot create a factual issue on appeal simply by disagreeing with the trial court's definition of a term. An inventor's definition of a term during the prosecution history is relevant in determining the meaning of the term. See E.I. du Pont de Nemours & Co. v. Phillips Petroleum Co., 849 F.2d 1430, 1438, 7 USPQ2d 1129, 1135 (Fed.Cir.), cert. denied, 488 U.S. 986 (1986).
 
 
 8
 While the district court properly reads "filaments" to include flimsiness, this meaning does not necessarily exclude the accused Porcupine Bouncer from the scope of the claim. During prosecution, the inventor used the "flimsy" definition to distinguish the proposed invention from a prior art ball with bulky foam rubber projections disclosed in U.S. Patent 4,131,276 to Judkins. Thus, for instance, if "flimsy" means only "more flexible than bulky foam rubber projections," the Porcupine Bouncer spines may fit within the definition of flimsiness. Without a fuller examination of the prosecution history concerning filament flimsiness, this court confronts a genuine dispute of fact about the effect of this limitation.
 
 
 9
 The prosecution history may also estop Oddzon from denying that the claimed filaments are flimsy, but the scope of that estoppel depends on its prosecution history context. See Sun Studs, Inc. v. ATA Equip. Leasing, Inc., 872 F.2d 978, 987, 10 USPQ2d 1338, 1345 (Fed.Cir.1989) ("The scope of estoppel must be determined in light of the prior art that occasioned the change, as well as representations made to the patent examiner as to the reason for the change."). See also, Mannesmann Demag Corp. v. Engineered Metal Prods. Co., 793 F.2d 1279, 1284, 230 USPQ 45, 48 (Fed.Cir.1986). This court concludes as a matter of law that the meaning of "filaments" includes "flimsy." However, "flimsy" itself is subject to differing interpretations. In sum, factual issues concerning flimsiness of the spines and whether the accused Porcupine Bouncers fall within the claims preclude summary disposition of this issue.
 
 
 10
 The district court also bases its summary judgment on the filament diameter-to-length claim limitation. The district court concluded that the Porcupine Bouncer spines do not have a cross-sectional dimension which is "extremely small in relation to [their] length." To reach this conclusion, the district court erroneously compared the Porcupine Bouncer with a commercial embodiment of the claims, the Koosh Ball. Even on appeal, Imperial contends that actual measurements of the diameter-to-length ratios on the Porcupine Bouncer and the Koosh Ball present no factual disputes.
 
 
 11
 The Koosh Ball is only a single commercial embodiment of the '529 patent. The '529 patent could cover toys other than the Koosh Ball. The subject of this suit is Imperial's alleged infringement of the claims, not its copying of the Koosh Ball. In making its infringement determination, the district court erred in comparing the accused device with the Koosh Ball. Instead, it must compare the accused device with the claims. Comparing an accused device with a commercial embodiment cannot substitute for an analysis to determine whether the accused device comes within the scope of the claims. See ACS Hospital Sys., Inc. v. Montefiore Hospital, 732 F.2d 1572, 1578, 221 USPQ 929, 933 (Fed.Cir.1984). The district court improperly resolved this issue by summary judgment. On remand, the district court will have the opportunity to determine whether the claims of the '529 patent read on the Porcupine Bouncer.
 
 
 12
 The district court also granted summary judgment because "a large plurality" of the Porcupine Bouncer spines "do not thread their way between adjacent fingers of the user's hand." However, the '529 patent specification defines this "large plurality" limitation to mean: "The high plurality of tiny filaments offers substantial gripping surface area ... [to] promote sure and quick catching." This functional language facilitates proper interpretation of the "large plurality" limitation. How many filaments constitute a large plurality is open to factual dispute. Particularly with respect to the larger Porcupine Bouncer, OddzOn introduced photographs and other evidence which would permit a reasonable jury to return a verdict in its favor. See Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).
 
 
 13
 In addition, the district court compared the number of filaments threading through the fingers of a user's hand for both the Porcupine Bouncer and the Koosh Ball. As mentioned above, this analysis ignores the claims and improperly acknowledges the commercial embodiment. Therefore, this court is of the opinion that a genuine dispute over the meaning of this limitation and over whether this limitation reads on the Porcupine Bouncer precludes summary disposition.
 
 
 14
 The district court further based summary judgment on two independent grounds which Imperial did not raise and which OddzOn was not permitted to contest. Imperial conceded in its brief that the court improperly included the independent grounds in the summary judgment order. Rule 56 requires notice and opportunity to be heard and present argument on the issue. Because OddzOn did not have that opportunity, summary judgment on those grounds is improper. See Cooper v. Ford Motor Co., 748 F.2d 677, 680, 223 USPQ 1286, 1288 (Fed.Cir.1984).