BANTAM TRAVELWARE, DIVISION OF PETER'S BAG CORP., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Consolidated Court No. 85–11–01552 (86–01–00038)

(Decided February 27, 1987)

*Siegel, Mandell & Davidson, P.C. (Brian S. Goldstein* and *Judith M. Barzilay)* for the plaintiff.

*Richard K. Willard,* Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Civil Division, Department of Justice *(Nancy E. Reich)* for the defendant.

OPINION AND ORDER

TSOUCALAS, *Judge:* This action is presently before the Court, pursuant to USCIT R. 56, on cross-motions for summary judgment. The subject merchandise consists of various styles of luggage manufactured by plaintiff, Bantam Travelware, Division of Peter's Bag Corporation. Each of the styles of plaintiff's product contains braided fabric, either in the core of the handles or in tie tapes (also known as tie straps) within the luggage. The dispute centers on whether the presence of this braided material compels the classification of the importations as "luggage wholly or in part of braid" pursuant to item 706.34, TSUS:

Schedule 7, Part 1, Subpart D—

Luggage and handbags, whether or not fitted with bottle, dining, drinking, manicure, sewing, traveling, or similar sets; and flat goods:

Of textile materials (except yarns, of paper), whether or not ornamented:

Wholly or in part of braid:

706.34 Of other textile materials .............. 13.1% ad.val.

The merchandise, luggage manufactured in Korea or Taiwan, which is composed in chief value of man-made fiber textile materials, entered the Port of Los Angeles, and was liquidated in August 1984 under item 706.41, TSUS:

Schedule 7, Part 1, Subpart D—

Luggage and handbags, whether or not fitted with bottle, dining, drinking, manicure, sewing, traveling, or similar sets; and flat goods:

Of textile materials (except yarns, of paper), whether or not ornamented:

Wholly or in part of braid:

Other:

Other:

706.41   Other....................................20% ad val.

After denial of its protests, plaintiff commenced an action in this Court in November 1985. Following consolidation pursuant to US-CIT R. 42, Consolidated Court No. 85–11–01552 was designated a test case, pursuant to USCIT R. 84.

ISSUE PRESENTED

As a matter of law, is the subject merchandise "in part of braid" within the meaning of General Headnote 9(f)(iv) and item 706.34, TSUS?

DISCUSSION

The only substantive issue concerns the meaning of the words "in part of braid" in item 706.34, TSUS. In this regard, the tariff schedules explain:[1]

General Headnote 9. *Definitions.* For the purposes of the schedules, unless the context otherwise requires—

\*       \*       \*       \*       \*       \*       \*

(f)   the terms * * * "in part of" and "containing", when used between the description of an article and a material * * * have the following meanings:

\*       \*       \*       \*       \*       \*       \*

(iv) "in part of" or "containing" mean that the article contains a significant quantity of the named material.

With regard to the application of the quantitative concepts specified in subparagraphs (ii) and (iv) above, it is intended that the *de minimis* rule apply.

Braid, pursuant to Schedule 3, Headnote 2(f), encompasses:

2. For the purposes of the tariff schedules—

---

[1]*See also* Tariff Classification Study, Submitting Report, November 15, 1960 at 14:
In the proposed revised schedules, provisions based on the "in part of" concept have been kept to a minimum, and where it is used the intention is that the component material be present in commercially significant amount.

\* \* \* \* \* \* \*

(f) The term *"braids"*, as used in connection with textile materials or textile articles, includes all braids in the piece, whether of flat, tubular, or other construction, with or without cores, and whether braided from fibers, filaments (including tinsel wire and lame), yarns, cordage, textile fabrics, or any combination thereof;

It is indisputable that the subject merchandise contains braid; therefore, the question is whether there is sufficient braided material to conclude, as a matter of law, that the luggage contains a "significant quantity" of braid.[2]

Initially, it bears reviewing that summary judgment will not lie if the dispute about a material fact is genuine, that is, if the evidence is such that a reasonable trier-of-fact could return a verdict against the movant. *Anderson* v. *Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2510 (1986). The movant must demonstrate the lack of a triable fact issue. *Martin* v. *Barber*, 755 F.2d 1564, 1566 (Fed. Cir. 1985); *Hamilton* v. *Smith*, 773 F.2d 461, 466 (2d Cir. 1985). In evaluating the motion for summary judgment, a court will draw all reasonable inferences against the moving party. *United States* v. *Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam); *Chemical Eng'g Corp.* v. *Essef Indus.*, 795 F.2d 1565, 1571 (Fed. Cir. 1986); *Amorient Petroleum Co.* v. *United States*, 9 CIT 197, 607 F. Supp. 1484, 1487 (1985). Where a genuine dispute about a material factual issue exists, summary judgment will be denied despite cross motions by the parties. *United States* v. *F.H. Fenderson, Inc.*, 10 CIT 758, Slip. Op. 86–126 at 7 (Dec. 5, 1986); *St. Regis Paper Co.* v. *United States*, 6 CIT 213, 214 (1983).

A material is present in significant quantity if it performs a part in the principal function of the article regardless of its actual quantity relative to the whole, *Northam Warren Corp.* v. *United States*, 60 CCPA 117, 120–21, C.A.D. 1092, 475 F.2d 647, 650 (1973); *United States* v. *Cavalier Shipping Co.*, 60 CCPA 152, 156, C.A.D. 1103, 478 F.2d 1256, 1259 (1973), or if it is present in a quantity which has independent commercial significance. *F.W. Myers & Co.* v. *United States*, 85 Cust. Ct. 83, 86, C.D. 4876 (1980). It has also been held that less than two milligrams of gold, plated electrolytically on a watch case, is present in a significant quantity, where, *inter alia,* that amount of gold was recognized as necessary to produce a commercially desired yellow color. *See Genender Wholesale* v. *United States*, 1 CIT 278, 281, 520 F. Supp. 278, 281 (1981), *aff'd,* 69 CCPA 146, 676 F.2d 672 (1982).[3] That a material is functional, however, does not inexorably dictate that it will control the classification of the dominant article. The Court of Customs and Patent Appeals has

---

[2]Plaintiff admits that the merchandise is not "wholly of" or "almost wholly of" braid within the meaning of General Headnote 9(f)(ii) or 9(f)(iii). *See Plaintiff's Motion for Summary Judgment* at 18.

[3]The Court of Customs and Patent Appeals adopted the lower court opinion except for "references therein to the cost of plating as affecting the conclusion of commercial significance." *Genender,* 69 CCPA at 147, 676 F.2d at 672

stressed, albeit in the context of classifying chemical mixtures, that "we cannot reconcile the expressed intention with respect to the meaning of 'in part' in the TSUS with the restricted concept that any purposeful addition of a benzenoid product, be it to preserve life or to enhance salability, must render the article 'in part' of that product." *Cavalier Shipping,* 60 CCPA at 157, 478 F2d at 1260.

Plaintiff has alleged that the braided material serves useful functions with respect to both the manufacturing process and the actual use of the luggage by consumers. Moreover, plaintiff contends that the use of braid in the subject merchandise is typical in the textile and sewn product industries. The presence of braid, even though unknown to consumers, is commercially significant, in plaintiff's view, since it results in more comfortable and aesthetically pleasing luggage handles, as well as more attractive and flexible tie-tapes. Defendant disputes the commercial significance of the braid noting that plaintiff's competitors do not employ such materials in their products. Defendant suggests that plaintiff only began to incorporate braided materials into its merchandise after a quota was instituted on non-braided textile luggage produced in Korea or Taiwan.

After carefully reviewing both motions for summary judgment and accompanying affidavits, the Court concludes that unresolved, material issues of fact exist. Accordingly, summary judgment is not appropriate in this action. There is a dispute as to the trade recognition of the significance of braided luggage. This was a major factor in the finding of commercial significance in *Genender Wholesale.* More fundamentally, there is a question as to whether the benefits plaintiff ascribes to the use of braided material actually flow from that material. For example, it is unclear whether the increased flexibility or enhanced appearance of braided elastic tie-tapes stems from the use of braid or merely from the use of elastic material.

In denying the respective motions, the Court is mindful that:

> As stated by Chief Judge Markey in *Cavalier Shipping Co., supra,* despite the fact that General Headnote 9(f)(iv) uses the term "significant quantity" by way of definition, the interpretation thereof "remains open." Accordingly, in the absense [sic] of further aid from statutory provisions or explanations, the quantitive determination of the amount of a component necessary to be embraced within the definitive meaning of the term "significant" necessarily must be recognized to depend upon the factual evidence adduced in each respective case.

*Genender Wholesale,* 1 CIT at 281, 520 F. Supp. at 281. Given that disputed factual issues have already been identified, and that "experience has shown that a trial often establishes facts and inferences not gleanable from papers submitted pre-trial," *F.H. Fenderson,* 10 CIT at 760, Slip. Op. 86–126 at 8 (quoting *SRI Int'l* v. *Matsushita Elec. Corp.,* 775 F.2d 1107, 1116 (Fed. Cir. 1985) (en banc)), the Court believes that further evidence is necessary to properly evaluate the

competing claims with respect to commercial significance in this important test case.

In light of the foregoing, both plaintiff's and defendant's motions for summary judgment are hereby denied.