**E.I. DuPONT DE NEMOURS & COMPANY, Plaintiff–Appellee,**

v.

**PHILLIPS PETROLEUM COMPANY, Phillips 66 Company, and Phillips Driscopipe, Inc., Defendants–Cross–Appellants.**

Nos. 87–1259, 87–1284.

United States Court of Appeals, Federal Circuit.

May 7, 1987.

Unpublished Order Issued May 7, 1987.

Published Order Issued Dec. 7, 1987.[1]

John O. Tramontine, of Fish & Neave, New York City, for plaintiff-appellee. Of counsel were Edward F. Mullowney, Glenn A. Ousterhout and Thomas J. Vetter, of Fish & Neave, New York City.

Philip S. Beck and Philip C. Swain, of Kirkland & Ellis, Chicago, Ill., for defendants-cross-appellants. Also on the brief were Harry J. Roper, Counsel of Record, and George S. Bosy, of Neuman, Williams, Anderson & Olson, Chicago, Ill.

Before DAVIS, SMITH and NIES, Circuit Judges.

## ORDER

DAVIS, Circuit Judge.

Phillips Petroleum Company, et al. (Phillips) move pursuant to Fed.R.App.P. 8(a) for a stay pending appeal of the permanent injunction entered on February 26, 1987 and re-entered on April 6, 1987 by the United States District Court for the Dis-

---

1. Pursuant to a request to publish, this previously-unpublished order is being published.

trict of Delaware. Allied Signal, Inc. moves for leave to appear as amicus curiae and to file a memorandum in support of Phillips' motion, with memorandum attached. Mobile Oil Corporation moves for leave to appear as amicus curiae and to file an affidavit in support of Phillips' motion, with affidavit attached. E.I. DuPont de Nemours & Company (DuPont) opposes the motion for stay.

This is a patent infringement case involving a DuPont patent related to polyethylene products. The patent issued on February 28, 1978.

In 1980, Dow Chemical Company entered into a licensing agreement with DuPont. The license was conditioned upon DuPont's submission of the patent to a reissue proceeding in the Patent and Trademark Office (PTO). Dow's obligation to pay running royalties was contingent upon DuPont's successful pursuit of its reissue application before the PTO. In 1985, ten other companies, including amici Allied Signal, Inc. and Mobil Oil Corporation, entered into similar licensing agreements with DuPont. Phillips refused to enter into a licensing agreement, arguing that the patent was invalid and unenforceable.

On May 12, 1986, DuPont's reissue application was finally rejected by the examiner. DuPont's appeal to the Board of Patent Appeals and Interferences was stayed pending trial of this case in district court.

In November 1981, DuPont brought the present infringement case against Phillips. On February 26, 1987, the district court held that the patent was not invalid and was infringed by Phillips. On February 27, the district court stayed the injunction pending briefing on the motion for stay. On April 6, 1987, the district court denied Phillips' motion for stay pending appeal.

Later on that same day, Phillips moved for a temporary stay pending filing of its Rule 8(a) motion here. This court temporarily stayed the injunction, without consideration of the merits, pending filing of the motions papers.

In considering whether to grant a stay pending appeal, this court assesses movant's chances for success on appeal and weighs the equities as they affect the parties and the public. With regard to the former, the court notes that there is a conflict between the PTO examiner's rejection of DuPont's claims as invalid in view of prior art and the district court's ruling of validity. The very existence of the conflict supports Phillips' argument that substantial legal questions concerning claim interpretation exist.

With regard to the showing of irreparable harm, Phillips states that it would have to fundamentally transform its polyethylene business, to retool manufacturing facilities, and to stop making products that constitute $200 million in annual sales. Phillips also asserts that there will be a severe and immediate shortage in the polyethylene market if Phillips is enjoined pending appeal and that users will be unable to find supplies. Finally, Phillips states that it may be forced to take a license from DuPont in lieu of continuing the appeal if the stay is not granted.

The amici, licensees under the patent-in-suit, vigorously support Phillips' motion. They are concerned that the important issue of the patent's validity which is ripe for appeal may not occur if the stay is not granted. Additionally, they argue that there is no corresponding irreparable harm to DuPont.

Of great importance here is the unusual position of the patentee, DuPont, in that it has never sought to exclude others from the polyethylene market, but rather has licensed all willing competitors. Moreover, DuPont has announced that it is in the process of divesting itself of its high density polyethylene resin manufacturing business in the United States. As a result, harm to DuPont here is of a different nature than harm to a patentee who is practicing its invention and fully excluding others.

In view of the substantial legal issues presented on appeal, the harm to Phillips, the harm to the public, and the comparative

lack of harm to DuPont, the court will stay the injunction pending appeal.[2]

IT IS ORDERED THAT:

(1) Phillips' motion for stay is granted.

(2) Allied Signal, Inc.'s motion for leave to appear as amicus curiae is granted.

(3) Mobil Oil Corporation's motion for leave to appear as amicus curiae is granted.

2. In view of the stay entered herein, if DuPont wishes, the court will entertain a motion to expedite.