HESSTON CORPORATION and Hay & Forage Industries, Plaintiffs,

v.

Don L. SLOOP, Defendant.

HESSTON CORPORATION and Hay & Forage Industries, Plaintiffs,

v.

MASSEY–FERGUSON, INC., Defendant.

Civ. A. Nos. 86–2370–S, 86–2371–S.

United States District Court,
D. Kansas.

Feb. 7, 1990.

Warren N. Williams, Stephen D. Timmons, Schmidt, Johnson, Hovey & Williams, Kansas City, Mo., John J. Jurcyk, Jr., McAnany, Van Cleave & Phillips, P.A., Kansas City, Kan., for plaintiffs.

J. Nick Badgerow, Spencer, Fane, Britt & Browne, Overland Park, Kan., Rudolph L. Lowell, C. Carleton Frederici, Davis, Hockenberg, Wine, Brown, Koehn & Shors, Des Moines, Iowa, Carter H. Kokjer, P.C., Kokjer, Kircher, Bradley, Wharton, Bowman & Johnson, Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter was tried to the court from October 10–18, 1989. This consolidated action, filed August 19, 1986, involves counts for alleged infringement of two patents, namely, United States Letters Patent No. 4,386,493, issued June 7, 1983, entitled, APPARATUS FOR MAKING LARGE ROUND CROP BALES (the 493 patent), and No. 4,224,867, issued September 30, 1980, entitled, CROP LOADING MONITOR FOR ROTARY BALERS (the 867 patent). The trial was limited to issues of validity and infringement of the two patents in suit. Defendants Donald L. Sloop and Massey–Ferguson have been sued because they have each distributed and sold rotary hay balers and bale monitor equipment manufactured by Vermeer Manufacturing Company (Vermeer) of Pella, Iowa, which are alleged to infringe or be used to infringe the patents in suit. Plaintiffs are Hesston Corporation (Hesston) and Hay & Forage Industries. Hay & Forage Industries joined in the suits by its November 18, 1987 complaint after acquiring ownership of certain Hesston assets. The court has considered the evidence presented at trial and the post-trial submissions of the parties. Accordingly, the court issues the following findings of fact and conclusions of law, pursuant to Rule 52(a) of the Federal Rules of Civil Procedure.

## FINDINGS OF FACT

1. Original plaintiff, Hesston Corporation (Hesston), is a Kansas corporation, having its principal corporate offices at Carol Stream, Illinois. Hay & Forage Industries, which has its principal place of business in Hesston, Kansas, is a joint venture company of Hesston and J.I. Case Company. Hay & Forage Industries is a Kansas general partnership consisting of two general partners, namely, Hesston Ventures Corporation, a Kansas corporation wholly owned by Hesston, and Case Ventures Corporation, a Delaware corporation wholly owned by J.I. Case Company. Hay & Forage Industries was joined with Hesston as a party plaintiff by order of the

court on November 23, 1987. Hesston has assigned all of its interests in the patents involved in this lawsuit, No. 4,224,867 and No. 4,386,493, to Hesston Ventures Corporation, which has in turn assigned its interest in the patents to Hay & Forage Industries. Hesston continues to have responsibility for this lawsuit on behalf of itself and Hay & Forage Industries.

2. Defendant Donald L. Sloop is an individual residing at Route 1, Lyndon, Kansas, engaged as a distributor by Vermeer in the sale of balers for preparing large round bales, commercially designated as Vermeer Models 604J, 605J, 503I and 504I.

3. Defendant Massey–Ferguson, Inc. is a Maryland corporation having a regular and established place of business at 2850 Fairfax Road, Kansas City, Kansas. Massey–Ferguson, Inc. has sold balers made by Vermeer for preparing large round bales, which are commercialized under the trade designations M–F Models 640, 634, 645 and 656.

4. Vermeer, an Iowa corporation located at Pella, Iowa, is the manufacturer of the large round balers sold by Sloop. Defendants Sloop and Massey–Ferguson, Inc. are represented in this suit by counsel for Vermeer.

5. Hesston filed its complaint in this action on August 19, 1986 for infringement of suit patents No. 4,244,867 (the 867 patent) and No. 4,386,493 (the 493 patent), asking for an injunction and seeking to recover damages, increased damages and profits in accordance with the provisions of 35 U.S.C. § 284 and costs and attorneys' fees pursuant to 35 U.S.C. § 285. By way of counterclaims, defendants seek a declaration that the patents here in suit are invalid and are not infringed, and seek to recover damages, including treble damages under the antitrust laws.

6. This court has jurisdiction under 28 U.S.C. § 1338(a) and venue is proper under 28 U.S.C. § 1400(b).

7. Plaintiffs limit the charge of infringement of the 493 patent to the Vermeer Model designation balers 604J and 605J sold by Sloop, and to the Massey–Ferguson Model designations 645 and 656 corresponding in all respects to the Vermeer 604J and 605J and to Massey–Ferguson Models 634 and 648, which correspond in all respects to Vermeer Models 503I and 504I.

8. The 493 patent issued June 7, 1983, on an application filed March 26, 1982, as a continuation of parent Patent No. 4,321,787 (the 787 patent), issued March 30, 1982, on an application filed June 7, 1975. Thus, plaintiffs claim the benefit of the 1975 filing date for the subject matter of claims 1 and 2 of the 493 patent, although these claims were not filed until March 6, 1982.

9. From the evidence presented at trial, including the expert testimony of plaintiffs' experts Donald Chisum and Larry Nixon, the court finds that the 493 patent claim limitations are supported by the disclosure of the 787 parent application which includes the drawings, the specification, and the original claims as filed. Professor Chisum's opinion was based on a review of the 493 and 787 patents, the references cited as prior art in each of the patents, a reading of the specification, claims and drawings as filed in 1975, information about what people working in this art at that point in time would understand the disclosures to have meant to them such as the trial testimony which he heard as well as the deposition testimony of Mr. Wiegand, Mr. Bruce White and Mr. Melvin Gaeddert, and finally the prosecution histories of the two patents. Mr. Nixon's opinion was similarly based, but also included the trial testimony of Mr. Wiegand, Mr. Soteropoulos, Mr. Davis and Mr. Newendorp.

10. Claim 1 of the 493 patent is directed to a hay baler having an off-the-ground baling chamber and means associated with the chamber for making a round bale within the chamber, and wherein the chamber has (1) a crop entrance located adjacent a lower portion thereof with (2) a crop pick up having a crop engaging portion thereof located generally below the chamber for lifting crop material from the ground and feeding the same up toward the chamber and wherein (3) an open non-compressive crop receiving and inflow region extends from the crop engaging portion of the pick up to the forward extremity of the cham-

ber entrance, so as to substantially prevent compaction of picked up crop materials prior to the same reaching said baling chamber.

11. Claim 2 of the 493 patent is directed to a method of baling crop materials into a round bale that includes the steps of (1) picking up the crop materials from the field at a point generally underneath the baling chamber, (2) feeding picked up materials up into the baling chamber without first compacting the same between a pair of opposed rollers or the like; and then (3) rolling the material into a bale within the chamber.

12. None of the Vermeer manufactured hay balers 604J, 605J, 503I and 504I here in suit has a "crop entrance" to a baling chamber, which is located adjacent a lower portion of the chamber, nor a pick up having a crop engaging portion located generally below the baling chamber, as called for in claim 1. Each Vermeer baler has a horizontally disposed bale starting chamber that is separated from a baling chamber by overhead forwardly moving belts, and a crop pick up located forwardly of the bale starting chamber and the bale forming chamber.

13. None of the Vermeer balers 604J, 605J, 503I and 504I here in suit have an "open non-compressive crop receiving and inflow region extending from the crop engaging portion of the pick up to the forward extremity of the said entrance whereby to substantially prevent compaction of picked up crop materials prior to the same reaching said baling chamber." Each Vermeer hay baler in suit initially compacts the picked up materials in a bale starting chamber to form a bale core having a density substantially equal to the density of the bale formed in the baling chamber. After the bale is started, the baler continuously compacts the picked up materials between a bale driving conveyor, and the bottom portion of the forming bale supported on the conveyor, prior to the material entering the bale forming chamber.

14. Claim 1 is not infringed by the 604J, 605J, 503I and 504I balers manufactured by Vermeer and sold by defendants Sloop and Massey–Ferguson.

15. None of the Vermeer 604J, 605J, 503I and 504I hay balers in suit pick up crop materials from the field "at a point generally underneath a baling chamber" for feeding the picked up materials up into the baling chamber. In addition to formation of the compacted core, each Vermeer baler here in suit picks up the crop materials for initial feeding rearwardly and horizontally into a bale starting chamber and for final feeding rearwardly and horizontally into the bale forming chamber.

16. Claim 2 is not infringed by the 604J, 605J, 503I and 504I balers manufactured by Vermeer, and sold by defendants Sloop and Massey–Ferguson. The bales in the Vermeer baler are not formed by feeding picked up materials "up into the bale chamber without first compacting same between a pair of opposed rollers or the like."

17. Plaintiffs charge infringement of all claims of the No. 4,224,867 patent in suit (the 867 patent), by the sale by defendant Donald L. Sloop of bale monitor kits, Vermeer designations VCS–3 (with lights), VCS–4 and VCS–6, and by defendant Massey–Ferguson's sale of bale monitor kits designated as BCS–4 and BCS–6, which correspond in all respects to Vermeer model designation bale monitoring kits VCS–4 and VCS–6.

18. Defendants admit that the Vermeer VCS–3 (with lights), VCS–4, and the VCS–6 sold by defendant Sloop and the Massey–Ferguson BCS–4 and BCS–6 counterpart bale monitor kits sold by defendant Massey–Ferguson infringe claims 1–5 of the 867 patent, if valid, when installed in connection with a baler.

19. The 867 patent discloses a crop loading monitor for balers having a baling chamber defined in part by endless flexible belts arranged in a side-by-side relation between the sidewalls of the baler frame. The fore and aft limitations of the baling chamber are defined by generally vertically disposed stretches of the endless belts. Each end belt is associated with a spring loaded roller which actuates a buzzer or light in response to a slack condition of the associated belt. The slack condition results from a shortage of crop material in one end

or the other of the bale chamber. The lights are disclosed as being mounted in the cab of the towing vehicle, where they can be seen by the operator. The operator can thereupon make a series of corrections to assure that material is supplied to the baling chamber in a way to make up for the deficiency, namely, the slack belt condition. The lights operate independently of each other to indicate a slack belt at one end no matter what the condition is at the other end, and the actuated signal lights may be of different color to facilitate the steering direction of the tractor to be taken by the tractor operator.

20. The 867 patent issued with seven claims, five of which are alleged to be infringed by the Vermeer VCS-3 (with lights), VCS-4 and VCS-6 monitor kits, with claim 1 being an independent claim, and claims 2–5 inclusive, being dependent thereon.

21. Independent claim 1 is directed to a crop-loading monitor in a rotary baler that comprises a signal means and apparatus operably coupled therewith for actuating the same when the diameter of a bale in the bale forming chamber becomes less at one portion thereof than another.

22. Claim 2 includes all of the limitations of that claim and adds: wherein said baler includes driven web means tensioned to apply a compactive and rolling force to the bale during formation, said apparatus actuating said signal means in response to detecting variations in the force applied by the web means adjacent the middle and ends of the bale.

23. Claim 3 includes all of the limitations of Claim 1 and adds: said baler includes a set of side-by-side, endless elements tensioned and driven lengthwise to apply a compactive and rolling force to the bale during formation, said apparatus including a pair of sensors positioned for operation by their respective elements adjacent opposite ends of the bale, an element adjacent the end of the bale being operable to operate its corresponding sensor when that particular element is slackened relative to the elements corresponding to the middle of the bale.

24. Claim 4 includes all of the limitations of Claim 1 and Claim 3 and adds: wherein said signal means is electrically powered, said apparatus further including an electrical circuit associated with said signal means, the opening and closing of a path of said circuit being controlled by a sensor.

25. Claim 5 includes all of the limitations of Claims 4, 3 and 1 and adds: wherein each of said sensors includes a member engageable with its corresponding element and shiftable therewith to a position operating said circuit path when said corresponding element becomes slackened.

26. The primary object of the 867 invention is to provide the operator of the baler with a signal, so that if the bale is being improperly shaped, the operator can immediately rectify the problem by loading additional material to the deficient area. The signal is described as being on the tractor for convenient observation by the tractor operator to permit normal tractor driving without requiring the operator to constantly look rearward to observe the baling action.

## CONCLUSIONS OF LAW

1. This court has jurisdiction over the parties and these actions under 28 U.S.C. § 1338(a). Venue is proper under 28 U.S.C. § 1400(b).

2. U.S. Patent No. 4,386,493 has not been infringed by either defendant.

3. Defendants have not shown by clear and convincing evidence that U.S. Patent No. 4,386,493 is invalid under 35 U.S.C. § 102(a).

4. Defendants have not shown by clear and convincing evidence that U.S. Patent No. 4,224,867 is invalid under 35 U.S.C. § 103 or § 112.

## DISCUSSION

Although the court believes that its conclusions of law follow logically from the court's findings of fact, this section will elaborate briefly on the court's reasoning, particularly with regard to the finding of

noninfringement of the 493 patent. The court also notes that although other legal theories were presented to the court, the court's decision is based only on the facts and legal conclusions cited above.

■ First, the court finds that plaintiffs have failed to carry their burden of proving infringement of their 493 patent by a preponderance of the evidence. *See Richardson v. Suzuki Motor Co., Ltd.*, 868 F.2d 1226, 1238 (Fed.Cir.1989), *cert. denied*, — U.S. —, 110 S.Ct. 154, 107 L.Ed.2d 112. In determining whether a particular machine or method infringes a patent, resort is first made to the words of the claims. *Graver Tank & Mfg. Co. v. Linde Air Prod. Co.*, 339 U.S. 605, 607, 70 S.Ct. 854, 855, 94 L.Ed. 1097 (1950). If the defendants' baler omits any single component or step recited in the patent claim, or the equivalent of that component or step, there is no infringement of that claim. *Mannesmann Demag Corp. v. Engineered Metal Prod. Co.*, 793 F.2d 1279, 1282 (Fed. Cir.1986); *Amstar Corp. v. Envirotech Corp.*, 730 F.2d 1476, 1484 (Fed.Cir.1984), *cert. denied*, 469 U.S. 924, 105 S.Ct. 306, 83 L.Ed.2d 240. The equipment alleged to infringe must be compared with the patent claims and not with a commercial embodiment of the plaintiffs' claimed invention. *Martin v. Barber*, 755 F.2d 1564, 1567 (Fed.Cir.1985). Infringement, in the sense of application of the claims to the accused device, is a fact question. *Mannesmann Demag Corp.*, 793 F.2d at 1282.

■ The court's conclusion of noninfringement of the 493 patent is based on the evidence presented to the court at trial, including the specification and expert testimony. As stated in the court's findings of fact, the differences between the Vermeer balers and claims 1 and 2 of the 493 patent were well illustrated to the court, in part by exhibits depicting the Vermeer baler through its evolution and by the basically undisputed testimony regarding the Vermeer's mode of operation as illustrated in the video tape shown at trial. In the Vermeer 605J baler, the crop is picked up and delivered to the back of the bale starting chamber where the forwardly moving belts

at the bottom of the bale forming chamber intercept the incoming crop material and start the material back toward the front of the starting chamber to induce a rolling action which continues until a bale core is formed.

Most significant in the court's finding of noninfringement is the court's finding regarding the degree of compaction of crop material during the early stages of bale formation. The court finds highly credible and persuasive the testimony of defendants' witnesses Gary Vermeer and Vince Newendorp that the Vermeer baler produces a significantly dense core, such core having a density substantially equal to the density of the bale formed in the baling chamber. Thus, the Vermeer balers 604J, 605J, 503I and 504I do not have an "open *non-compressive* crop receiving and inflow region ... whereby to *substantially prevent compaction* of picked up crop materials prior to the same reaching said chamber" as stated in claim 1 of the 493 patent. Thus, claim 1 is not infringed. Similarly, claim 2, which provides that bales are formed by feeding picked up materials "up into the bale chamber *without first compacting same* between a pair of opposed rollers *or the like*" is not infringed because in the Vermeer baler, compaction of crop material does in fact occur, producing a firm bale core by means of belts, the ribbed roller, starter roll and wrapper members of the pick up. Thus, the court finds no infringement of claims 1 and 2 of the 493 patent.

■ Second, as stated above, the court finds that defendants have not demonstrated by clear and convincing evidence that the 493 and 867 patents here in suit are invalid. The court notes that patents are statutorily presumed valid under 35 U.S.C. § 282. Because of the § 282 presumption, the party attacking validity has the burden of establishing invalidity by clear and convincing evidence; a mere preponderance of evidence is insufficient. *Uniroyal, Inc. v. Rudkin–Wiley Corp.*, 837 F.2d 1044, 1050 (Fed.Cir.1988), *cert. denied*, — U.S. —, 109 S.Ct. 75, 102 L.Ed.2d 51. With regard to the 493 patent, the court finds that

claims 1 and 2 of the 493 patent do find support in the specification and drawings of the parent 787 application; thus, the 493 is entitled to the filing date of the 787 parent application. *See* 35 U.S.C. § 120. With regard to the 867 patent, the court finds that defendants have not presented clear and convincing evidence that it is invalid either for vagueness under 35 U.S.C. § 112 or for obviousness under 35 U.S.C. § 103. Thus, since defendants concede infringement of the 867 bale monitor patent, plaintiffs will prevail on their claims for infringement of the 867 patent.

IT IS BY THE COURT THEREFORE ORDERED that plaintiffs' claims of patent infringement with regard to the 493 patent are denied. Plaintiffs' claims of patent infringement of the 867 patent are, however, granted. Defendants' request for a declaratory judgment that the 493 and 867 patents in suit are invalid is denied. The issues of plaintiffs' damages for infringement of the 867 patent and defendants' antitrust counterclaims, however, remain to be tried. Upon conclusion of all claims, the Clerk will enter judgment accordingly.