HESSTON CORPORATION and Hay & Forage Industries, Plaintiffs,

v.

Don L. SLOOP, Defendant.

HESSTON CORPORATION and Hay & Forage Industries, Plaintiffs,

v.

MASSEY–FERGUSON, INC., Defendant.

Civ. A. Nos. 86–2370–S, 86–2371–S.

United States District Court, D. Kansas.

April 11, 1990.

Warren N. Williams, Stephen D. Timmons, Schmidt, Johnson, Hovey &

Williams, Kansas City, Mo., John J. Jurcyk, Jr., McAnany, Van Cleave & Phillips, P.A., Kansas City, Kan., for plaintiffs.

J. Nick Badgerow, Spencer, Fane, Britt & Browne, Overland Park, Kan., Rudolph L. Lowell, C. Carleton Frederici, Davis, Hockenberg, Wine, Brown, Koehn & Shors, Des Moines, Iowa, Carter H. Kokjer, P.C., Kokjer, Kircher, Bradley, Wharton, Bowman & Johnson, Kansas City, Mo., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on plaintiffs' motion for an injunction restraining and enjoining defendants from infringing or continuing to infringe U.S. Patent No. 4,224,867 (hereafter referred to as "the '867 patent"). In response to plaintiffs' motion for an injunction, defendants urge the court to modify the language of the proposed injunction and further urge the court to stay any injunction pending conclusion of the remaining issues in this case, i.e., plaintiffs' damages for infringement of the '867 patent and defendants' antitrust counterclaim.

Defendants herein conceded infringement of U.S. Patent No. 4,224,867, but argued that the patent was invalid. On February 7, 1990, 730 F.Supp. 1055, this court issued a memorandum and order which found that defendants had not met their burden of showing that U.S. Patent No. 4,224,867, held by plaintiffs, was invalid. This court accordingly held that plaintiffs' claims of infringement of '867 patent should be granted. The court did not, however, enter an injunction in that order.

■ The court's power to grant injunctive relief to a prevailing patent owner is found in 35 U.S.C. § 283:

The several courts having jurisdiction of cases under this title may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable.

As a general rule in patent cases, once infringement has been adjudged, an injunction will issue since irreparable harm to the patent owner may be presumed. *H.H. Robertson, Co. v. United Steel Deck, Inc.,* 820 F.2d 384, 390(Fed.Cir.1987). *See Richardson v. Suzuki Motor Co., Ltd.,* 868 F.2d 1226, 1247 (Fed.Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 154, 107 L.Ed.2d 112. Therefore, the court will grant plaintiff's motion for injunction with reference to the '867 patent, pursuant to the terms of the proposed injunction submitted to the court. Defendants' request that the court modify the language of the proposed injunction to add the words "on the baler tractor responsive to a belt slack condition" will be denied.

■ Defendants move for a stay of the injunction, pending trial of the remaining issues in this case, i.e., plaintiffs' damages for infringement of the '867 patent and defendants' antitrust counterclaims. In *E.I. DuPont de Nemours & Co. v. Phillips Petroleum Co.,* 835 F.2d 277, 278 (Fed.Cir. 1987), the Federal Circuit stated:

In considering whether to grant a stay pending appeal, this court assesses movant's chances for success on appeal and weighs the equities as they affect the parties and the public.

In *Moxness Prod., Inc. v. Xomed, Inc.,* 7 U.S.P.Q.2d 1877, —— WL —— (M.D.Fla. 1988), the court elaborated on this basic framework for decision to include "four governing considerations," i.e.,:

1. Has the petitioner made a strong showing that it is likely to prevail on the merits of its appeal? Without such a substantial indication of probable success, there would be no justification for the court's intrusion into the ordinary processes of administration and judicial review.

2. Has the petitioner shown that without such relief it will be irreparably injured?

3. Would the issuance of a stay substantially harm other parties interested in the proceedings?

4. Where lies the public interest?

*Id.,* at 1878 (citing *Washington Metropolitan Area Transit Comm'n v. Holiday Tours, Inc.,* 559 F.2d 841, 843 (D.Cir.1977)). Injunctive relief in a patent case, however,

954

is generally "not stayed pending appeal unless the party seeking that relief meets the burden of establishing compelling reasons justifying it." *S.C. Johnson, Inc. v. Carter–Wallace, Inc.*, 225 U.S.P.Q. 968, 971, 1985 WL 501 (S.D.N.Y.1985) (citing 11 C. Wright & A. Miller, *Federal Practice & Procedure* § 2904 (1973)).

In this case, the court finds that defendants have not met their burden of justifying a stay of an injunction regarding further infringement of the '867 patent. In applying the four factors set out above, the court first finds that defendants' are not likely to succeed on appeal in showing that the '867 patent is invalid. Secondly, the court finds that although defendants argue that they will suffer loss of sales on infringing bale monitors in inventory, this type of argument by a patent infringer has been rejected by courts as a basis for an "irreparable harm" finding. *See, e.g., Moxness*, 7 U.S.P.Q.2d at 1879. Third, the court finds that plaintiffs, as owners of the '867 patent being infringed, would suffer substantial harm from a stay. *See S.C. Johnson*, 225 U.S.P.Q. at 972. Finally, the court finds that defendants have not shown that the public interest would be better served by granting the stay than by denying it, especially given that the public interest is assumed to lie in the enforcement of valid patents. *See Corning Glass Works v. Sumitomo Elec. U.S.A., Inc.*, 674 F.Supp. 1074, 1077 (S.D.N.Y.1987). Given, therefore, that defendants have failed to show that a stay of the injunction is warranted in this case, defendants' motion for stay will be denied.

IT IS BY THE COURT THEREFORE ORDERED that plaintiffs' request for an injunction is granted, in accordance with the terms of the injunction proposed by plaintiffs to the court.

IT IS FURTHER ORDERED that defendants' motion for stay of the injunction is denied.