991 F.2d 808
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
CHIUMINATTA CONCRETE CONCEPTS, INC., Edward Chiuminatta and
Alan R. Chiuminatta, Plaintiffs-Appellees,
v.
TARGET PRODUCTS, INC., Defendant-Appellant.
 No. 93-1153.
 United States Court of Appeals, Federal Circuit.
 Feb. 11, 1993.
 
 Before RICH, Circuit Judge, COWEN, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 RICH, Circuit Judge.
 
 ORDER
 
 1
 Target Products, Inc. (Target) moves for a stay, pending appeal, of the preliminary injunction issued by the United States District Court for the Central District of California. Target moves for an expedited briefing schedule. Chiuminatta Concrete Concepts, Inc. et al. (Chiuminatta) oppose both motions.
 
 
 2
 This matter stems from Chiuminatta's suit against Target alleging that Target's Micro Con saw and two models of skid plates used therewith infringe one claim in each of three of Chiuminatta's patents. In issuing the preliminary injunction, the district court determined that Chiuminatta had shown likelihood of success in establishing that its patented inventions were novel and nonobvious, that there was no illegal tying, and that the accused devices infringed literally or under the doctrine of equivalents. With regard to relative harm, the district court noted that Chiuminatta was a small, family-owned business likely to be harmed by continued sales by Target while Target was a large multinational corporation. The injunction preliminarily enjoined Target from, inter alia, making, using, or selling "concrete cutting saws" or "skid plates," "which Plaintiffs are reasonably likely to prove at trial infringe [the patents]."
 
 
 3
 In deciding whether to grant a stay, pending appeal, this court assesses movant's chances for success on the merits and weighs the equities as they affect the parties and the public. Standard Havens Products v. Gencor Industries, 897 F.2d 511, 513 (Fed.Cir.1990); E.I. Du Pont de Nemours & Co. v. Phillips Petroleum, 835 F.2d 277, 278 (Fed.Cir.1987). The traditional stay factors are analyzed within the individualized facts of each case. The more likely movant shows success on the merits, the less heavily need the balance of harm tip in its favor. Conversely, if the showing of harm is strong, then movant need demonstrate only a substantial case on the merits. Standard Havens, 897 F.2d at 513.
 
 
 4
 As a threshold matter, however, Target complains that the preliminary injunction is overly broad and thus "is not within the district court's injunctive powers under Rule 65, Fed.R.Civ.P." Target contends that the preliminary injunction bars it from making, using, or selling products that are beyond the scope of Chiuminatta's complaint. Target has made the same argument to the district court in its "Motion for Clarification and Direction to Counsel," which has been set for hearing on March 1, 1993.
 
 
 5
 Because there is a possibility that the preliminary injunction may be amended, we deem the best course is to remand the case for disposition of Target's motion.
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 The case is remanded to the district court to allow the district court to consider Target's motion for clarification.