NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1132

EON-NET, L.P.,

Plaintiff-Appellant,

and

ZIMMERMAN, LEVI & KORSINSKY, L.L.P. and
JEAN-MARC ZIMMERMAN,

Sanctioned Parties-Appellants,

v.

FLAGSTAR BANCORP, INC.,

Defendant-Appellee.

ON MOTION

Before BRYSON, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and PROST, Circuit Judge.

PROST, Circuit Judge.

## O R D E R

Eon-Net, L.P. et al. move for a stay, pending appeal, of execution of the $141,984.70 sanctions judgment entered by the United States District Court for the Western District of Washington, pending appeal.  Flagstar Bancorp, Inc. opposes.  Eon-Net replies.

Eon-Net sued Flagstar for infringement of its patent for an information processing methodology.  The district court granted Flagstar's motion for summary judgment of noninfringement, holding that "Eon-Net failed to come forward with any facts

demonstrating infringement, failed to properly identify products that might infringe its '697 Patent, failed to proffer a reasonable construction for its '697 Patent, and failed to apply its construction to the allegedly infringing products."

Flagstar moved for sanctions, arguing that Eon-Net failed to conduct an adequate prefiling investigation and that its claim for infringement was baseless. The district court granted the motion and awarded Flagstar its reasonable attorneys fees and costs. The district court entered judgment against plaintiff's counsel, Jean-Marc Zimmerman, and the law firm of Zimmerman, Levi & Korsinsky, LLP in the amount of $141,984.70. Eon-Net appealed and Zimmerman and the law firm filed an amended notice of appeal to add their names as appellants.[*]

Zimmerman and the law firm assert that they are unable to post a supersedeas bond and request that this court grant a stay, pending appeal, of execution of the judgment without requiring a bond. To obtain a stay, pending appeal, a movant must establish a strong likelihood of success on the merits or, failing that, nonetheless demonstrate a substantial case on the merits provided that the harm factors militate in its favor. Hilton v. Braunskill, 481 U.S. 770, 778 (1987). In deciding whether to grant a stay, pending appeal, this court "assesses the movant's chances of success on the merits and weighs the equities as they affect the parties and the public." E. I. du Pont de Nemours & Co. v. Phillips Petroleum Co., 835 F.2d 277, 278 (Fed. Cir. 1987). See also Standard Havens Prods. v. Gencor Indus., 897 F.2d 511 (Fed. Cir. 1990).

---

[*] Based upon the papers submitted with Eon-Net's motion, this court previously questioned whether Zimmerman and the law firm had timely appealed. Because the district court's judgment was "entered" on December 20, 2006, Zimmerman and the law firm timely appealed by filing an amended notice of appeal on January 19, 2007.

In its order granting summary judgment of noninfringement, the district court held that Eon-Net's complaint was virtually identical to numerous other complaints "filed against parties with greatly disparate business operations." The district court noted that "Eon-Net followed service of the complaint with a cheap offer of settlement." After Flagstar showed Eon-Net that its software was from a licensee to Eon-Net's patent, and after Flagstar moved for summary judgment of noninfringement, Eon-Net identified other allegedly infringing software that was not identified in its complaint. Indeed, the district court held, no infringing product was identified in the complaint. The district court held that Eon-Net based its infringement allegation on an investigation of Flagstar's website but that "[c]ounsel did not obtain copies of the allegedly infringing software, was unable to determine how the web page worked, and did not evaluate the code; nevertheless, he concluded that the 'website' infringed." Regarding the new assertion of infringement by additional software, the district court held that Eon-Net presented no evidence or argument to support its position.

In its order granting Flagstar's motion for sanctions, the district court held that Eon-Net failed to conduct an adequate prefiling investigation and that Flagstar's post-complaint investigation did not cure the failure to investigate before filing. The district court held that not only did Eon-Net fail to obtain or inspect copies of the software, it failed to even identify the software. The district court also found insufficient Eon-Net's evaluation of claim construction and stated that Eon-Net did not "explain how it concluded that the '697 Patent could be construed to cover web-based forms." The district court held that "Eon-Net's general identification of a web site and its HTML forms is insufficient to constitute the identification of infringing technology as it relates to the

'697 Patent." The district court also found that "indicia of extortion are present in this case" and that "Eon-Net offers a nuisance settlement at the outset to avoid a hard look at the merits of its infringement claims."

Based upon the papers submitted, and without prejudicing the ultimate disposition of this case by a merits panel, Eon-Net has not met its burden of establishing a strong likelihood of success or that the harm factors weigh in its favor. Hilton, 481 U.S. at 778. Concerning any harm to itself, the movants assert without support that there has been damage to counsel's reputation and that "Eon-Net's counsel will suffer irreparable harm absent a stay because the monetary sanction of $141,984.70 is substantial and Eon-Net's Counsel and his relatively small law firm will endure significant financial hardships if the imposition of monetary sanctions is not stayed pending appeal." Thus, the movants have failed to meet their burden to obtain a stay.

Accordingly,

IT IS ORDERED THAT:

(1)     The motion is denied.

(2)     The revised official caption is reflected above.

FOR THE COURT

March 19, 2007
Date

/s/ Sharon Prost
Sharon Prost
Circuit Judge

cc:     Jean-Marc Zimmerman, Esq.
         Charles K. Verhoeven, Esq.

s8

2007-1132                                   - 4 -