NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**AUGUST TECHNOLOGY CORPORATION AND RUDOLPH TECHNOLOGIES, INC.,**
*Plaintiffs-Appellees,*

v.

**CAMTEK, LTD.,**
*Defendant-Appellant.*

---

2010-1458

---

Appeal from the United States District Court for the District of Minnesota in Case No. 05-CV-1396, Chief Judge Michael J. Davis.

---

## ON MOTION

---

Before NEWMAN, FRIEDMAN, and LOURIE, *Circuit Judges.*

LOURIE, *Circuit Judge.*

### ORDER

Camtek, Ltd. ("Camtek") moves for a partial stay of a permanent injunction issued by the United States District Court for the District of Minnesota. August Technology Corporation ("August") opposes.

August sued Camtek for infringement of U.S. Patent 6,826,298 (the "'298 patent"), relating to semiconductor wafer inspection equipment. After trial, the jury found that Camtek's Falcon® wafer inspection system literally infringed the '298 patent and that it was not obvious or invalid based on the on-sale bar. The district court entered a permanent injunction that prevented Camtek from making, using, selling, or offering to sell Falcon machines or colorable imitations thereof in the United States. The court also enjoined Camtek from practicing the method of claim 3. The injunction specifically enjoined Camtek from, *inter alia,* "communicating with third parties (in person, via phone, via email, or by any other means) located in the United States for the purposes of offering to sell Falcon machines or machines that are colorable imitations thereof, notwithstanding where the third party intends to use the machines." Camtek requested modification of the injunction, which the court denied.

Camtek requests a partial stay of the injunction, pending appeal. To obtain a stay, pending appeal, a movant must establish a strong likelihood of success on the merits, or, failing that, nonetheless demonstrate a substantial case on the merits provided that the harm factors militate in its favor. *Hilton v. Braunskill,* 481 U.S. 770, 778 (1987). In deciding whether to grant a stay, pending appeal, this court "assesses the movant's chances of success on the merits and weighs the equities as they affect the parties and the public." *E.I. du Pont de Nemours & Co. v. Phillips Petroleum Co.,* 835 F.2d 277, 278 (Fed. Cir. 1987); *see also Standard Havens Prods. v. Gencor Indus.,* 897 F.2d 511 (Fed. Cir. 1990).

Based on the motions papers submitted, and without prejudicing the ultimate disposition of this appeal by a merits panel, we determine that Camtek has not met its

burden to obtain a partial stay of the permanent injunction.

Accordingly,

IT IS ORDERED THAT:

The motion for a partial stay is denied.

FOR THE COURT


SEP 2 0 2010                    /s/ Jan Horbaly
    Date                        Jan Horbaly
                                Clerk

cc:  Jonathan S. Caplan, Esq.
     Daniel W. McDonald, Esq.


FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

SEP 2 0 2010

JAN HORBALY
CLERK