NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

SCIELE PHARMA INC. (NOW KNOWN AS
SHIONOGI PHARMA INC.), ANDRX
CORPORATION, ANDRX PHARMACEUTICALS
INC. (DOING BUSINESS AS WATSON
LABORATORIES INC. – FLORIDA), ANDRX
PHARMACEUTICALS L.L.C, ANDRX
LABORATORIES (NJ) INC., ANDRX EU LTD., AND
ANDRX LABS L.L.C.,
*Plaintiffs-Appellees,*

v.

LUPIN LTD. AND LUPIN PHARMACEUTICALS
INC.,
*Defendants-Appellants,*

v.

MYLAN INC. AND MYLAN PHARMACEUTICALS
INC.,
*Defendants.*

---

2012-1118

---

Appeal from the United States District Court for the District of Delaware in consolidated case no. 09-CV-0037, Judge Robert B. Kugler.

---

## ON MOTION

Before LOURIE, PROST, and MOORE, *Circuit Judges.*

MOORE, *Circuit Judge.*

### ORDER

Lupin Ltd. and Lupin Pharmaceuticals (Lupin) move for a stay, pending disposition of this appeal, of the preliminary injunction entered by the United States District Court for the District of Delaware. Sciele Pharma Inc., Andrx Corp., Andrx Pharmaceuticals Inc., Andrx Pharmaceuticals LLC, Andrx Laboratories Inc., Andrx EU Ltd., and Andrx Labs LLC (Shionogi) oppose. Lupin replies. Lupin previously requested an expedited briefing schedule on appeal, which was granted.

To obtain a stay, pending appeal, a movant must establish a strong likelihood of success on the merits or, failing that, nonetheless demonstrate a substantial case on the merits provided that the harm factors militate in its favor. *Hilton v. Braunskill*, 481 U.S. 770, 778 (1987). In deciding whether to grant a stay, pending appeal, this court "assesses the movant's chances of success on the merits and weighs the equities as they affect the parties and the public." *E. I. du Pont de Nemours & Co. v. Phillips Petroleum Co.*, 835 F.2d 277, 278 (Fed. Cir. 1987). *See also Standard Havens Prods. v. Gencor Indus.*, 897 F.2d 511 (Fed. Cir. 1990).

The district court's order imposing the preliminary injunction failed to even address Lupin's obviousness arguments. The district court did not make any findings of fact or any conclusions of law regarding Lupin's obviousness arguments. In its subsequent order denying Lupin's request for a stay of the injunction, the district court acknowledged Lupin's obviousness arguments, but failed to

properly address the issue. It simply stated that Lupin relied on prior art that was before the examiner at the PTO during prosecution of the patent-in-suit, and therefore Lupin failed to raise a substantial question that its obviousness argument is likely to succeed at trial. The fact that prior art was before the PTO can not be the only reason to reject an obviousness defense. Lupin is entitled to have the district court make an independent assessment of its defense and apply the proper burden of proof.

The district court's failure to make adequate findings of fact and conclusions of law as to Lupin's obviousness challenge prevents this court from engaging in meaningful review of that issue. A court "must find the facts specially and state its conclusion of law separately." Fed. R. Civ. P. 53(a)(1). "It is of the highest importance to a proper review of the action of a court in granting or refusing a preliminary injunction that there should be fair compliance with Rule 52(a) of the Rules of Civil Procedure." *Mayo v. Lakeland Highlands Canning Co.*, 309 U.S. 310, 316 (1940); *Kos Pharms. Inc. v. Andrx Corp.*, 369 F.3d 700, 712 n.10 (3d Cir. 2004); *see also Nutrition 21 v. United States*, 930 F.2d 867, 869 (Fed. Cir. 1991) ("Sufficient factual findings on the material issues are necessary to allow this court to have a basis for meaningful review."). Absent appropriate findings, the normal course is to vacate the district court's decision and remand the matter for a proper analysis. *See Sabinsa Corp. v. Creative Compounds, LLC*, 609 F.3d 175, 183 (3d Cir. 2010) ("Typically, when a district court fails to adequately support its findings, we merely remand for a reweighing of the applicable factors."); *Pretty Punch Shoppettes, Inc. v. Hauk*, 844 F.2d 782, 785 (Fed. Cir. 1988) (same).

Based on the arguments in the motions papers as well as the district court's order granting the preliminary injunction and its order denying Lupin's request for a stay

of the injunction, we determine that the district court has not made appropriate findings with regard to Lupin's obviousness arguments.

Accordingly,

IT IS ORDERED THAT:

(1) We vacate the preliminary injunction and remand this matter for proceedings consistent with this order.

(2) The motion is moot.

FOR THE COURT

FEB 06 2012
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc: David B. Bassett, Esq.
Douglass C. Hochstetler, Esq.
Mary B. Matterer, Esq.

s24

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

FEB 06 2012

JAN HORBALY
CLERK