CORRECTED: October 11, 2012

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**INTEGRATED TECHNOLOGY CORPORATION AND NEVADA INTEGRATED TECHNOLOGY CORPORATION,**
*Plaintiffs-Cross Appellants,*

v.

**RUDOLPH TECHNOLOGIES, INC. AND MARINER ACQUISITION COMPANY LLC**
*Defendants-Appellants.*

---

2012-1593, -1618, -1665

---

Appeals from the United States District Court for the District of Arizona in case no. 06-CV-2182, Judge Roslyn O. Silver.

---

**ON MOTION**

---

Before LINN, DYK, and WALLACH, *Circuit Judges.*

DYK, *Circuit Judge.*

**ORDER**

INTEGRATED TECHNOLOGY CORP. v. RUDOLPH                    2
TECHNOLOGIES, INC.

Rudolph Technologies Inc. ("Rudolph") moves for a stay, pending disposition of this appeal, of the permanent injunction entered by the United States District Court for the District of Arizona. Integrated Technology Corporation (ITC) opposes.

In its permanent injunction order, the district court (1) enjoined Rudolph from making, using, offering to sell, selling or importing into the United States, or supplying from the United States, or causing to be made, used, offered for sale, sold, imported into the United States, or supplied from the United States, Rudolph's PRVX and ProbeWoRx systems as well as any systems that are only colorably different therefrom in the context of the infringing claims ("Provision 1"); (2) required that Rudolph seek ITC and the district court's approval before making, using, offering to sell, selling, or importing into the United States, or supplying from the United States or causing to be made, used, offered for sale, sold, imported into the United States, or supplied from the United States, any modification to its PRVX or ProbeWoRx systems that Rudolph contends would render its systems outside of the scope of the asserted patent claims ("Provision 2"); and (3) enjoined Rudolph from making, using, offering to sell, selling, or importing into the United States, or supplying from the United States, or causing to be made, used, offered for sale, sold, imported into the United States, or supplied from the United States, motherboards or upgrades for the infringing PRVX or ProbeWoRx systems ("Provision 3").

To obtain a stay, pending appeal, a movant must establish a strong likelihood of success on the merits or, failing that, nonetheless demonstrate a substantial case on the merits provided that the harm factors militate in its favor. *Hilton v. Braunskill*, 481 U.S. 770, 778 (1987). In deciding whether to grant a stay, pending appeal, this court "as-

3          INTEGRATED TECHNOLOGY CORP. v. RUDOLPH
TECHNOLOGIES, INC.

sesses the movant's chances of success on the merits and weighs the equities as they affect the parties and the public." *E. I. du Pont de Nemours & Co. v. Phillips Petroleum Co.*, 835 F.2d 277, 278 (Fed. Cir. 1987). *See also Standard Havens Prods. v. Gencor Indus.*, 897 F.2d 511 (Fed. Cir. 1990).

Based on the arguments in the motions papers, and without prejudicing the ultimate disposition of this case by a merits panel, we determine that Rudolph has met its burden to obtain a stay of the district court's permanent injunction order, except that pre-2007 PRVX products shall continue to be subject to Provision 1. Any party may file a motion to expedite briefing, if it chooses.

Accordingly,

IT IS ORDERED THAT:

The motion for a stay, pending appeal, of the permanent injunction is granted to the extent set forth above.

FOR THE COURT


/s/ Jan Horbaly
Jan Horbaly
Clerk

s25